HENRY BURNS Respondent, *vs.* ANDREW T. WHELAN, Appellant.

1. *Practice, civil—Trials—Evidence, introduction of.*—The introduction of evidence in chief, by the plaintiff after the close of defendant's evidence, is a matter largely in the discretion of the trial court, but it might be error if it worked injustice.

2. *Practice, civil—New trial, motion for—Objections presented—Consideration by Supreme Court.*—Objections to the action of the court below, must be presented to that court on a motion for a new trial, or they will not be considered by this court.

*Appeal from St. Louis Circuit Court.*

*N. A. Mortell,* for Appellant.

*Thos. Grace,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action on two contracts, one for building a house, and the other for building a fence.

A verdict and judgment were rendered for the plaintiff, and this judgment was affirmed at General Term.

The only point discussed here is, that the court, after the close of the defendant's evidence, suffered the plaintiff to introduce additional evidence in chief.

It does not appear from the record, that the defendant was injured by this action of the court. The allowance of this sort of practice is largely in the discretion of the Circuit Court. Where it would produce injustice, it might be error to suffer this course to be pursued. But in this case the point is not properly before us. It is not presented by the motion for a new trial. It is not sufficient merely to object at the trial. The same objection must be made in the motion for a new trial, in order that the court below may have a chance to correct its own errors.

Judgment affirmed. The other Judges concur.