G. M. ASHLEY, Respondent, v. FRANK GREEN, Appellant.

St. Louis Court of Appeals, December 3, 1889.

1. **Practice, Appellate :** WEIGHING THE EVIDENCE. When a verdict is supported by substantial evidence, it will not be disturbed, on appeal, on the ground that it is against the weight of the evidence.

2. **Practice, Trial :** ORDER OF PROOF. The order of proof rests in the sound discretion of the trial court, and unless that discretion is grossly abused, or the ruling of that court is evidently prejudicial, its action furnishes no ground for complaint

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Affirmed.

*E. B. Sherzer*, for the appellant.

*William P. Macklin* and *Willis H. Clark*, for the respondent.

Rombauer, P. J., delivered the opinion of the court.

The plaintiff brought suit before a justice of the peace to recover the price of a picture made to order for the defendant, and recovered judgment. On retrial in the circuit court, by the court without a jury, the plaintiff again recovered judgment from which the defendant prosecutes this appeal.

The plaintiff gave evidence tending to show that the picture, which was a portrait of defendant's child, was ordered to correspond in design and finish with a certain sample shown to the defendant when the order was made, and that, when finished, it did in such respect correspond with the sample; that he did deliver the picture to the defendant, who kept it for six months and more, and then returned it, alleging that it was not a pastel picture, and not such a one as he had ordered. The defendant gave evidence tending to show, that he ordered a pastel picture, which was to be equal in design and finish to another picture, which he saw in plaintiff's store (not the picture which was claimed by the plaintiff as a sample); that the picture made by the plaintiff was neither a pastel painting, nor equal in design and finish to the picture referred to as a sample, nor made by the artist, upon whom the plaintiff and defendant had agreed as a finisher; that he refused to receive the picture when finished for the above reasons, and that the plaintiff afterwards, without his request, sent it to his house.

There was some conflict in the evidence as to whether the painting was a pastel picture, the defendant's evidence, that it was not, greatly preponderating. There seems to have been no controversy as to the likeness, the entire controversy turning on the character of the order, the sample, and the design and finish of the picture.

The defendant's counsel submits an exhaustive argument on the evidence, claiming that the question presented is one of failure of proof, and not simply one of the weight of the evidence. We have examined the record carefully, and find that this contention is not tenable. There was substantial evidence to support the finding, and we are not warranted to disturb it on the sole ground that it was against the weight of evidence. *Hamilton v. Boggess*, 63 Mo. 233, 252.

The plaintiff asked no instructions, and all those asked by the defendant were given, so that no question of law arises upon the instructions. The only other contention that the court should not have admitted certain evidence for plaintiff in rebuttal, because it was in the nature of evidence in chief even if supported by the facts, would not constitute error, warranting a reversal. The order of proof is to a great extent discretionary with the court, and unless such discretion is grossly abused, or the ruling is evidently prejudicial, furnishes no just ground for complaint. *Burns v. Whelan*, 52 Mo. 520; *Seibert v. Allen*, 61 Mo. 482.

All the judges concurring, the judgment is affirmed.