McFarland v. Accident Ass'n.

McFarland v. United States Mutual Accident
Association, *Appellant.*

Division One, July 9, 1894.

1. **Insurance:** ACCIDENT POLICIES: NOTICE OF ACCIDENT. An accident policy provided that in case of an injury totally disabling the insured from carrying on his work, notice of the accident should immediately be given the company (giving full particulars), and in case such injuries caused the death of the insured, notice should be given "in like manner." *Held*, that it was not necessary, where the injuries caused death but did not totally disable the insured at the time from working, to give notice of the accident at the time it occurred, as the policy omitted to provide for any such notice.

2. ———: ———: FORFEITURES. Forfeitures in insurance policies are not favored, and conditions which effect such forfeitures should be strongly construed against the party making them.

3. ———: ———: NOTICE OF DEATH. Where an accident policy, after providing for notices of injuries causing total disability to be given, provides that in case "such" injuries cause death affirmative proof of the same shall be made after the happening of the accident, proof of death from injuries which did not cause total disability need not be given until six months after the insured's death.

4. ———: ———: "IMMEDIATE NOTICE." Where an accident policy requires "immediate" notice of the death of the insured to be given, and provides that the same shall be given by letter, notice given within ten days after the death is sufficient.

5. ———: ———: ———. The word "immediate" will, in such case, be construed to mean "within a reasonable time."

6. ———: ———: QUESTIONS OF LAW AND FACT. Whether the notice was given was a question for the jury, and whether the time within which it was given was reasonable was, under the evidence in the case, a question for the court.

7. ———: ———: LETTER: EVIDENCE. The fact that a letter was mailed to the company, duly addressed and stamped, is evidence that it was received by it.

8. ———: ———: NOTICE: LAWS OF POLICY. The policy required that the notice of the injury should give the full name, occupation and address of the insured with full particulars of the accident and

McFarland v. Accident Ass'n.

injury, and further provided that, in case of death, immediate notice thereof "in like manner" should be given. *Held*, that the words "in like manner" referred to the method of giving the notice and not to the information to be given.

9. **Accident Insurance**: ASSESSMENT PLAN: STATUTE. Revised Statutes, 1889, section 5862, requires the policy in assessment insurance companies to state the exact amount which the companies are to pay on the happening of the contingency and to pay said sum. *Held*, it is not necessary in an action on such policy for plaintiff to show, in order to recover the maximum amount of such policy, that such amount would be realized by an assessment of the members.

10. **Practice**: WITNESS: DEPOSITION. The fact that a witness, resident of another county, has already testified does not render his deposition inadmissible when his absence at the time the deposition is offered is without the consent of the party offering it.

11. ————: SECOND NEW TRIAL: STATUTE. A second new trial can not be granted for the reason that the verdict is insufficient to support the evidence. (R. S. 1889, sec. 2241.)

12. **Appellate Practice**: WEIGHT OF THE EVIDENCE. Where there is substantial evidence to support {the issues to be tried, the supreme court will not reverse the judgment on the ground that the verdict is against the weight of the evidence.

*Appeal from Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Thomas & Dowe* and *Booher & Williams* for appellant.

(1) No notice whatever having been given of the accident or injury, the claim, if one ever existed, is invalidated and no recovery can be had in this case. 2 May on Ins. [3 Ed.], secs. 460, 465; *Laforce v. Ins. Co.*, 43 Mo. App. 527; *Traske v. Ins. Co.*, 29 Pa. St. 198; *Ins. Co., v. Kyle*, 11 Mo. 289; *Reynolds v. Association*, 1 N. Y. Supp. 738. (2) The word "immediately" means within a reasonable time and the delay may be so great that it may be held as a matter of law that the notice was not in time. Cooke on Life Ins., sec. 115,

p. 211; *Railroad v. Burwell,* 44 Ind. 460; 2 May on Ins. [3 Ed.], sec. 462; *Ins. Co., v. Kyle,* 11 Mo. 289. (3) The evidence in this case is not sufficient to authorize the court to submit to the jury the question as to whether plaintiff gave immediate notice in writing addressed to the secretary of defendant at New York, of the death of Thomas McFarland, and is not sufficient to support the finding of the jury that such notice was given. (4) Plaintiff having pleaded specifically in her petition and again in her reply that she did furnish to defendant within six months from the happening of the accident direct and affirmative proof of the death of Thomas McFarland, evidence of a waiver of proof of death within six months was not admissible, and it was error to submit to the jury the question as to whether or not the defendant had waived the furnishing of proof of McFarland's death within six months from the happening of the accident, because the evidence did not tend to show performance; it clearly showed non-performance, and sought to show an excuse for non-performance, which is not admissible. *Oakman v. Ins. Co.,* 9 R. I. 365; *Ins. Co., v. Kyle,* 11 Mo. 278; *Russell v. Ins. Co.,* 55 Mo. 593; *Lanitz v. King,* 93 Mo. 517; *Mohney v. Reed,* 40 Mo. App. 109; *Eiseman v. Ins. Co.,* 74 Iowa, 11. (5) Waiver or estoppel can not arise by implication alone, except for some conduct which induces action in reliance upon it to an extent that would render it a fraud to recede from what the party has been induced to expect. *Williams v. Ins. Co.* 39 Fed. Rep. 170; *Ins. Co., v. Fay,* 22 Mich. 467; *Colonious v. Ins. Co.* 3 Mo. App. 56; *Leigh v. Ins. Co.,* 37 Mo. App. 548. (6) The letter claimed by plaintiff to have been received by her from defendant and which is relied upon by her to show a waiver of proof of death within six months from the happening of the accident, if such letter had been received by her, is not a waiver,

does not constitute a waiver, and does not contain a suggestion or intimation that the defendant would not require a full and strict compliance with all the terms, conditions and requirements of the certificate, especially in regard to furnishing proof of death within six months from the happening of the accident. *Ins. Co., v. Oates*, 86 Ala. 558; *Ins. Co., v. Lawrence*, 2 Pet. 25; *Murphy v. Ins. Co.*, 7 Allen, 239; *Ins. Co. v. Sorsby*, 60 Miss. 313; *Grigsby v. Ins. Co.*, 40 Mo. App. 283; *DeSilver v. Ins. Co.*, 38 Pa. St. 130–134; *Traske v. Ins. Co.*, 29 Pa. St. 198; *Mueller v. Ins. Co.*, 87 Pa. St. 399; *Maddox v. Ins. Co.*, 39 Mo. App. 204; *Weidert v. Ins. Co.*, 19 Or. 261; *Engelbritain v. Ins. Co.*, 58 Wis. 301; *Knudsen v. Ins. Co.*, 75 Wis. 198; *Connell v. Ins. Co.*, 18 Wis. 387; *Blossom v. Ins. Co.*, 64 N. Y. 162; *Blakely v. Ins. Co.*, 20 Wis. 209; *Ins. Co. v. Walser*, 22 Ind. 85; 2 May on Ins. [3 Ed], sec. 471. (7) An act relied upon to show a waiver must, to be binding as such, have been done with full knowledge of all material facts, otherwise it is no waiver. Cooke on Life Ins., sec. 102; 2 May on Ins. [3 Ed.], sec. 506; *Bennecke v. Ins. Co.*, 105 U. S. 355; *Dyas v. Hanson*, 14 Mo. App. 375; *Phillips v. Ins. Co.*, 14 Mo. 231; *Boyd v. Ins. Co.*, 90 Tenn. 212. (8) The defendant will not be held to have waived a forfeiture or a right of which it was ignorant at the time of doing the thing relied upon as a waiver. *Ins Co. v. Wolff*, 95 U. S. 320; *Bennecke v. Ins. Co.*, 105 U. S. 355; Bacon on Benefit Societies and Life Ins., sec. 423; *Ryan v. Ins. Co.*, 46 Wis. 671. (9) A notice of loss and proof of loss are separate and independent requirements of the policy, and notice of death, if such notice was given, will not satisfy the condition requiring proof of death. *O'Reilly v. Ins. Co.*, 60 N. Y. 169; *DeSilver v. Ins. Co.* 38 Pa. St. 130; Cooke on Life Ins., sec. 114; 2 May on Insurance [3 Ed.], sec. 460; Bacon on Benefit Societies, sec. 403.

(10) The defendant will not be held to have waived the giving of notice of the accident and injury on the ground that by its conduct plaintiff was lulled into a sense of security on that point where such conduct occurs after the expiration of the time within which the notice can be given. *Ins. Co. v. Kyle*, 11 Mo. 290; 2 May on Ins. [3 Ed.], sec. 464; *Gale v. Ins. Co.* 33 Mo. App. 672. (11) Plaintiff did not introduce or offer any evidence to show what the principal sum represented by the payment of $2 by each member in division C of the defendant would be; neither did she introduce or offer any evidence to show what would be the principal sum represented by an assessment of $2 upon the members of divisions AAA, B, C, D and E. Therefore, if she can recover all, she is only entitled to nominal damages. *O'Brien v. Society*, 117 N. Y. 319; *Martin v. Ins. Co.*, 29 N. Y. S. R. 421; *Cram v. Ins. Co.*, 33 N. Y. S. R. 670; *Ball v. Association*, 64 N. H. 291; *Newman v. Association*, 72 Iowa, 242.

*James W. Boyd* for respondent.

(1) The case was tried twice, with a verdict in favor of plaintiff both times. It was tried accurately, correctly, legally, without an error, as against appellant, and the judgment of the trial court should be affirmed. *Herndon v. Ins. Co.*, 45 Mo. App. 426; *Taylor v. Temperance Union*, 94 Mo. 35; *Lueder's Ex'r v. Ins. Co.*, 12 Fed. Rep. 465. "The sum recovered should be for the maximum insured." 12 Fed. Rep. 472, *supra*. (2) Instruction number 1 given on the part of respondent is correct, and the facts upon which a verdict in favor of the respondent is therein predicated are fully proved by the evidence in the case. (3) The letter of the company in response to respondent's third letter is evidence of waiver of proof within the time

specified by the certificate of membership, and is such as to lead a reasonably prudent person to believe that strict compliance with the provisions of the certificate App. of membership in reference to proofs would not be required by the company. *Fulton v. Ins. Co.*, 51 Mo. 463; *Loeb v. Ins. Co.*, 99 Mo. 50; *St. Louis, etc., v. Bessell*, 41 Mo. App. 426; *Maddox v. Ins. Co.*, 39 Mo. App. 204; *McCullough v. Ins. Co.*, 113 Mo. 606; also cases cited on this subject in appellant's brief.   (4) The reply sets up the fact of waiver, but, even if it did not, the law has been so thoroughly settled in this state that waiver of notice or proofs may be proved under allegations of "performance," that nothing need be said on this subject. *McCollough v. Ins. Co.*, 113 Mo. 600; *Fulton v. Ins. Co.*, 51 Mo. App. 463, and cases cited. (5) The appellant can not repudiate its own doctrine and its own indorsement of the correctness of the theory embodied in the respondent's instructions.   *Whitmore v. Lodge*, 109 Mo. 36; *Harris v. Hays*, 53 Mo. 90; *McGonigle v. Dougherty*, 71 Mo. 259; *Bank v. Hammerslough*, 72 Mo. 274; *Smith v. Culligan*, 74 Mo. 387; 91 Mo. 628; *Bates v. McGoon*, 85 Mo. 580; *Noble v. Blount*, 77 Mo. 235; *Holmes v. Braidwood*, 82 Mo. 610; *Reilly v. Railroad*, 94 Mo. 600; *Bank v. Armstrong*, 92 Mo. 265; *Crutchfield v. Railroad*, 61 Mo. 255; *Davis v. Brown*, 67 Mo. 313; *Richardson v. Palmer*, 36 Mo. App. 88; *Martinowsky v. City*, 35 Mo. App. 70.   (6) There can be no question but the death of Thomas McFarland was caused by the injury received by falling from his wagon.  Respondent's claim is absolutely just, and ought to be paid.  The defense is more technical than real.  The granting or refusing a new trial in such cases rests peculiarly within the discretion of the trial court, and, unless it is manifest that the trial court has abused its discretion or that injustice has been done, its ruling will not be interfered with.

*McCullough v. Ins. Co.* 113 Mo. 606. The appellate court will not determine disputed questions of fact. *Ervin v. Railroad* 96 Mo. 290; *Caruth-Byrnes Co. v. Walter*, 91 Mo. 484; *Schad v. Sharp*, 95 Mo. 573; *Skinker v. Haagsma*, 99 Mo. 208; *Harrison Wire Co. v. Hardware Co.*, 97 Mo. 289. (7) The judgment is, beyond doubt, for the right party, and this court will not set it aside, except for very cogent reasons. Appellant must show the judgment to be wrong. *Hedecker v. Ganzhard*, 50 Mo. 154; *Glass Co. v. Machine Co.*, 88 Mo. 67; *Ghio v. Beard*, 11 Mo. App. 21; *Brown v. Railroad*, 20 Mo. App. 427; *Fell v. Coal Co.*, 23 Mo. 216; *Bassett v. Glover*, 31 Mo. App. 150; *State ex rel. v. Benedict*, 51 Mo. App. 642; *Phillips v. Bachelder*, 47 Mo. App. 52. "Where upon the whole record the judgment is manifestly for the right party, it will not be reversed, although some errors may have intervened." 47 Mo. App. 55.

MACFARLANE, J.—The defendant is an accident insurance company, doing business on the assessment plan, and in June, 1886, issued and delivered to Thomas McFarland, plaintiff's husband, a beneficiary certificate wherein, for a sufficient consideration, it promised to pay to plaintiff $3,000 within sixty days after proof that Thomas McFarland shall have sustained bodily injuries effected through external, violent and accidental means, and such injuries shall have occasioned death within ninety days after the happening thereof. The said certificate contained a further agreement on the part of defendant, in the following words:

"Or if said member (referring to Thomas McFarland, plaintiff's husband) shall sustain bodily injuries by means as aforsaid, which shall, independently of all other causes, immediately and wholly disable and pre-

vent him from the prosecution of any and every kind of business pertaining to the occupation under which he receives membership, then upon satisfactory proof of such injuries, he shall be idemnified against loss of time thereby, in a sum not to exceed $15 per week for such period of continuous and total disability as shall immediately follow the accident and injuries as aforesaid; not exceeding, however, twenty-six weeks from the time of the happening of such accident.''

The certificate also contains the following conditions:

"2. In the event of any accidental injury for which claim may be made under this certificate, immediate notice shall be given in writing addressed to the secretary of this association at New York, stating the full name, occupation and address of the member with full particulars of the accident and injury; and also in case of death resulting from such injury, immediate notice shall be given in like manner; and failure to give such immediate written notices shall invalidate all claims under this certificate; and unless direct and affirmative proof of the same and of the death or duration of total disability shall be furnished to the association within six months after the happening of such accident, then all claims accruing under this certificate shall be waived and forfeited to the association.''

"4. No claims shall be payable under this certificate, unless any medical advisor of the association shall be allowed to examine the person or body of the member in respect to any alleged injury or cause of death, when and so often as may be required on behalf of this association.''

"6. All the provisions and conditions aforesaid and a strict compliance therewith during the continuance of this certificate are conditions precedent to the issuing

of this certificate; and no waiver shall be claimed by reason of the act or acts of any agent, unless such act or waiver shall be specially authorized in writing over the signature of the secretary of this association."

The petition declares upon the certificate as the contract between the parties, and, among other things, charges that Thomas McFarland's death was occasioned solely by injuries effected through external, violent and accidental means, and alleges that plaintiff gave immediate notice of McFarland's death, and furnished proof thereof within six months after the happening of the accident, and that all the conditions of the certificate were fully complied with by her.

The answer denies that McFarland's death was caused by accidental means, or by injuries, and charges that it was occasioned by causes against which defendant did not insure him. And, as a further defense, among other things, pleads the second, fourth and sixth conditions of the certificate, and charges that no notice whatever of the accident and injuries to Thomas McFarland was given to the defendant, as required by said second condition, that no notice of the death of said Thomas McFarland was given to defendant, and that proof of death was not furnished within six months from the happening of the accident, by reason of which plaintiff's claim, if she ever had any, which defendant expressly denies, is waived and forfeited.

The reply alleges that plaintiff did give to defendant, immediately after the death of Thomas McFarland, both notice and direct and affirmative proof of his death, and that defendant has waived all claim and right to any further or additional or any notice or proof that he died by the means and in the manner alleged in the petition.

This is in substance the statement of the appellant, and fairly presents the issues.

The evidence tended to prove that in the early part of May, 1888, Thomas McFarland, the beneficiary, fell from his wagon, by which he sustained injuries to his private parts, particularly his testicles. As to the severity of these injuries, their immediate effect upon McFarland, and the time of their continuance there was great and irreconcilable conflict in the evidence, but that he continued to work at his usual avocation up to the day before his death the evidence leaves no doubt. The evidence, however, tended to prove that he suffered continually from the injuries until the day of his death, which occurred July 12, 1888. On the morning of the twelfth of July he was taken violently ill, followed during the day with vomiting and purging, which continued until about 11 o'clock that night, when he died. The evidence of physicians tended to prove that his sickness was the result of inflammation caused by the injuries.

From the date of the accident until the death no notice was given the association of the injury, though an assessment was paid by McFarland about the first of July.

Plaintiff testified that a few days after the death of her husband she wrote a letter addressed and directed to the United States Mutual Accident Association, 320–322 Broadway, New York. This letter she stamped and deposited in the postoffice at St. Joseph. In this letter she wrote: "My husband is dead and buried; he has died from an accident caused by a fall; if you wish any further information, write and let me know and I will inform you as far as I know." She also testified that in this letter she informed the association that her husband was a member holding certificate number 6682.

Plaintiff testified further that, receiving no answer to this letter, she wrote again in a short time to like

effect. She received no reply to this. Afterwards, in October, she wrote a third letter to the same effect. To this letter she said she received a reply written in red ink thereon, and both the letter she had written, and the envelope in which it was inclosed, were returned to her. The letter had been lost but the envelope had been preserved. In regard to the reply written on this letter, plaintiff testified: "I don't remember just word for word what they said, but from what I can remember and gather from it—they said that they would see and attend to it, attend to the matter; that is what they said. Well, of course, I relied upon them to do so and paid no more attention to, it."

While the evidence of defendant's witnesses and all the circumstances cast much doubt on the truth of this evidence, its credibility was a matter for the jury, and we must treat that evidence as being true.

Direct and affirmative proof of the accident and of the death was not made until December following, which was within six months after the death, but not within that time after the injury.

I. Upon this state of facts defendant insists that all claims for idemnity were forfeited by reason of not giving the association immediate notice of the accident and injury, and in not making direct and affirmative proof of the death within six months after the accident. A consideration of these questions involves a construction of the contract of defendant.

Such contracts should be given a fair and reasonable construction so as to carry out and effectuate the objects and purposes intended by the parties. It will be seen that the indemnity provided under the certificate is twofold, under either or both of which a right to indemnity accrues. One of these requires an immediate total disability to carry on the occupation of the member. Until that accrues there is no liability on the part

of defendant on a disability claim.   The other requires the death of the member, and, until that occurs, no liability accrues on that account.   In case of severe injury resulting in immediate total disability, and which, after a lapse of days or weeks, results in death, the conditions which require notice to be given of both the injury and death are clearly expressed.   These are made conditions precedent, and a failure to perform them in a reasonable time and manner, would invalidate all claim to indemnity.   *Ins. Co., v. Kyle*, 11 Mo. 289; *McCullough v. Ins. Co.*, 113 Mo. 606.

But there may be injuries effected through "external, violent accidental means," which alone may occasion death within ninety days after the happening thereof, which may not, for some time, produce total disability.   It will be observed that indemnity from the death of the member does not, under the contract, depend upon the fact that the injury caused immediate total disability.

This seems to be a case of that character.   Unless there was a total disability resulting from the accidental injury of McFarland, he had no claim which could be forfeited, and, therefore, the occasion had not arisen which required that notice of the accident should be given.   The evidence showed conclusively that total disability did not occur until he was taken to his bed and that death resulted within twenty-four hours thereafter.   The condition, then, which required giving immediate notice of the accident and injury did not arise under the terms of the contract when fairly interpreted.

The only claim to indemnity accruing under this contract is on account of the death of the member, and the question is, whether timely notice was given thereof. The conditions contained in the second clause of the contract, requiring notices, and proof of accident,

injury and death expressly refer to "such accidents and injuries" as create a claim for indemnity. The notice of injury is required only in "the event of any accidental injury for which claim may be made under this certificate." The body of the contract only provides for indemnity for injuries when they result in total disability to prosecute "any and every kind of business pertaining to the occupation" of the member. After providing that notice of "such" injury shall be given, the contract is further continued as follows: "And unless direct and affirmative proof of the same (such injury) and of the death or duration of total disability, shall be furnished to the association within six months from the happening of *such accident* then all claims under this certificate shall be waived and forfeited." It is evident that the association failed to provide expressly for giving notice of the injury in such a case as this, in which total disability was not caused. An accident happened which resulted in death, and created a claim for a death loss, but not for such a disability loss as is contemplated under the contract.

This condition, in respect to making proof of death operates upon the contract subsequent to the fact of loss. It should, therefore, receive a liberal and reasonable construction in favor of the beneficiary under the certificate. *McNally v. Ins. Co.*, 137 N. Y. 389.

Taking the body of the contract, and all of its conditions, and construing them together, it appears that the required notices should be given within a reasonable time after the right to indemnity accrued and that proof of death should be made within six months after the cause which created the necessity for the notice occurred. This construction is clearly within the spirit of the contract; it is fair and just to the beneficiary, and works no hardship upon the association. On the other hand, to require that

notice be given immediately after an accident and injury which does not result in total disability, is requiring something not contained in the contract, and a failure to give notice, in such case, might work a forfeiture of a claim, on account of the death of a member, before the death occurred.

Forfeitures, are not favored, and conditions which work forfeitures should be strictly construed against the party making them.   2 May on Insurance [3 Ed.] sec. 367.   Hence we are of the opinion that, under a reasonable construction of the contract and the annexed conditions, no forfeiture of a death loss would occur by reason of a failure to give notice of the accident and injury, unless they were of such a character as to create a claim on account of disability.   And, further, that direct and affirmative proof of death, in such case, if made within six months thereafter, was within the time required.

II.   It is unnecessary to review the evidence in order to show that the accident and injury to McFarland did not cause immediate total disability.   We can accept the conclusions reached by defendant's counsel on that question.   They say in their statement that, according to the testimony of plaintiff, "during the interval between the accident and death of McFarland he was out on the street with his wagon every day up to, and on, the day of his death, driving over the city, hauling and delivering parcels and packages weighing as much as thirty or forty pounds."   And, according to the evidence of defendant, McFarland followed his usual avocation regularly every day and preformed his usual laborers every day during the last two months of his life.   We think these conclusions as to the effect of the injury fairly drawn from the evidence.   There was no evidence of total disability and no notice of the injury was required.

III. The condition requires that immediate written notice shall be given. The word "immediate" can not be construed literally without in many cases causing a forfeiture. It is frequently impossible, under the circumstances of the accident or death, to give immediate notice. This condition subsequent must be liberally·construed in favor of the beneficiary. So it has been uniformly held that this, and similar words, should be construed to mean within a reasonable time. 2 May on Ins. [3 Ed.], sec. 462; *Ins. Co. v. Kyle*, 11 Mo. 289.

So, though the time in which the notice shall be given is fixed under the contract, if the circumstances of the accident are such as to make it impossible to comply with the condition, giving the notice within a reasonable time after it becomes possible, has been held sufficient. *Trippe v. Provident Fund Soc.* (N. Y. Ct. of App.), 35 N. E. Rep. 316.

Plaintiff gave the notice within a few days after the death of her husband. He died July 12, 1888. Not hearing from defendants she wrote again within a week or two, and during the same month. The first notice must have been given, at latest, within ten days after the death occurred. In the circumstances we think the notice was given within a reasonable time. "Whether due diligence has been used in giving the notice is a question which is ordinarily left to the jury, to be found from all the circumstances in the case. But where the facts and circumstances bearing upon the question of due diligence are not in dispute, it becomes a question of law for the court." 2 May on Ins. [3 Ed.], sec. 462.

The question of diligence was left to the jury in this case, though the only dispute was as to whether the letters, by means of which the notice was given, were ever written and forwarded at all. We think the

question of diligence was, under the evidence, one for the court, the question whether any notice was given was one for the jury. As we hold that the notice, if given, was within a reasonable time, and as the jury also so found, no prejudice resulted to defendant from the submission of the question of diligence to the jury.

IV. The letter written by plaintiff, addressed to defendant at its office in New York, properly stamped and mailed, was a sufficient compliance with the conditions requiring notice. The condition itself requiring that the notice should be addressed to the secretary of the association at New York, makes it manifest that the parties contemplated that it should be forwarded through the mails. The fact that these letters were mailed at St. Joseph is evidence that they were received by defendant at New York. 1 Greenleaf on Ev., sec. 40. The notice was given in the proper manner.

V. We think also that the letter written by plaintiff gave defendant all the information required under the contract when the claim is on account of the death of a member. The notice of an accidental injury is required to give the full name, occupation and address of the member, with full particulars of the accident and injury; but in the case of death immediate notice thereof "in like manner," only is required. The words in "like manner" refer, evidently, to the method of giving the notice, and not to the information required to be given thereby. It was only necessary to give such notice as would advise the association that death had occurred from accidental injury. This we think the letter did.

The first instruction given at the request of plaintiff authorized a recovery without proof that the requisite notice of the accident and injury was given, thereby assuming that the nature and extent of the injury was

not such as required notice. Complaint is made by defendant of this instruction. As we have seen and held that the accident caused no such total disability as created a claim to indemnity, and that a notice thereof was not required, the instruction could not have been prejudicial.

VI. Objection is made that plaintiff offered no evidence to show that the sum of $3,000 represented the true amount due under the certificate at an assessment of $2 each upon the members. In other words it is insisted that the burden rests upon plaintiff to prove what principal sum represented the proper assessment of the members under the certificate.

The certificate of membership provided, in case of the death of McFarland, for the payment to plaintiff of "the principal sum represented by the payment of $2 by each member of division C of the association," not to exceed $3,000. The certificate further provides:

"On and after March 1, 1883, and until such time as each of Divisions AAA, B, C, D and E, have a sufficient membership to pay death losses in full, the principal sum represented by an assessment of $2 upon the members of all of said divisions (which sum is not to exceed $3,000), will be paid to beneficiary as provided in this certificate."

On this question the authorities are not harmonious, some holding that the beneficiary is required to show the amount payable upon proper assessment of members as provided by the certificate. Of this class are the cases of *O'Brien v. Benefit Society*, 117 N. Y. 319, and *Newman v. Benefit Association*, 72 Iowa, 242.

Other authorities hold that the certificate is *prima facie* evidence of the maximum amount which may be collected, and defendant must plead and prove that a less amount would be realized on an assessment of the members under the certificate. Of these may be cited:

*Coats v. Ins. Co.,* 30 Pac. Rep. (Kansas) 404; *Protective Union v. Whitt,* 36 Kan. 760; *Elkhart, etc., Ass'n v. Houghton,* 103 Ind. 289; *Lueders Ex'r v. Ins. Co.,* 4 McCrary, 149.

This question has, however, been put at rest in this state by the statute which authorizes and regulates insurance companies on the assessment plan. It requires all policies to specify the exact sum of money which the company promises to pay upon the happening of the contingency insured against and also requires the payment of such sum upon the occurrence of such contingency. R. S., sec. 5862. The case of *Taylor v. National Temperance Union,* 94 Mo. 40, is no longer an authority on this question since the statute has been in force.

VII. The case was tried in Andrew county, and Dr. McCranor, a witness for plaintiff, resided in St. Joseph, in Buchanan county. The deposition of this witness had been taken, and was on file in the case. The witness was also present in court until plaintiff closed her case in chief, after which he returned home. After the close of defendant's evidence plaintiff offered to read the deposition of this witness, to which defendant objected on the ground that witness was present, in court, until plaintiff closed her case in chief, and the deposition was not, therefore, properly admissible. The objection was overruled and the deposition was read. The evidence contained in the deposition tended to prove, and was intended to prove, that the death of McFarland was the result of the accident, and was evidence necessary to make out plaintiff's case, and should have been introduced in chief. It was not rebutting testimony. It did not appear that the absence of the witness was with the consent or collusion of plaintiff, or her attorneys, or that specific objection was made

to reading the deposition for the reason that it was out of time, or that it was in rebuttal.

The order of the introduction of evidence is a matter of practice largely within the discretion of trial courts, irregularities in that particular are not ground for reversal, unless it clearly appears that the discretion was abused, to the prejudice of the objecting party, or that an unfair advantage was attempted by the party offering it. *Burns v. Whelan*, 52 Mo. 520.

A deposition of a witness, residing in another county, and which has been regularly taken, stands in the place of the absent witness, and, in the absence of the witness, can be read in evidence at any stage of the trial in which the testimony of the witness himself would have been admissible. The objection that the deposition could not be read because the witness had been present during a part of the trial can not be sustained.

Had the objection been made that the evidence was properly in chief, and was offered out of its regular order, the witness being present when his testimony should have been introduced, such suspicion would have been raised as to the purpose for withholding the evidence, as should have required, at least, satisfactory explanation before the deposition should have been admitted.

VIII. We are asked to reverse the judgment on the ground that the verdict was against the weight of the evidence on the question of giving the notice of the death, and whether the death was the result of the accident. It must be admitted that the evidence in support of each of these issues was very unsatisfactory, but it can not be said that there was no substantial, evidence at all in proof of these facts. In such case the question is one for the determination of the trial court and this court will not ordinarily interfere.

Besides, it appears that one verdict was set aside by the court for this reason and its power to grant a new trial upon the same ground was thereby, under the express provision of the statute, exhausted, and its refusal to do so is not reviewable by this court. R. S. 1889, sec. 2241; *McShane v. Sanderson*, 108 Mo. 319 Judgment affirmed. All concur.