## J. G. SEIGLE & SON, Respondents, v. BADGER LUMBER COMPANY, Appellant.

**Kansas City Court of Appeals, April 4, 1904.**

1. **TRIAL PRACTICE: Evidence: Rebuttal: Court's Discretion.** The order of testimony is entrusted to the discretion of a trial court which may permit the introduction of evidence after the close of defendant's case which is not rebuttal.

2. ———: ———: ———: **Comparison of Business.** In an action on a fire policy covering a lumber yard where insured's books and accounts are all lost, evidence comparing the stock of the insured with that of a neighboring yard is not calling for a conclusion and is not sufficiently harmful to warrant a reversal.

3. **INSURANCE: Denial of Liability: Adjustor's Intention: Appraisement: Evidence.** An instruction that if an adjustor intentionally gave the assured to understand that the insurer denied all liability the provision of the policy as to appraisement became inoperative, is approved and it is held there is evidence in the record to support it.

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The court erred in admitting over defendant's objections, the testimony of witnesses, Kast, Drordorff, Dye, Smith, Johnson, Sutherland and Baker. The evidence of these witnesses was not admissible in rebuttal. Chrystal v. Craig, 80 Mo. 367. The court erred in overruling appellant's objection to the testimony relating to stock of neighboring yard. (3) Instruction No. 6 given for plaintiff is erroneous and misleading, for the reason, first; there is no evidence that the defendant denied liability; second, even if defendant did cause plaintiffs to understand and believe that it denied and repudiated liability for the insurance claimed, the instruction is wrong, because the insurance claimed was the full amount, so that under this instruction if the jury found that liability for the full amount was denied, they were authorized to find for plaintiffs, although the defendant did not deny liability for what the loss might actually have been.

*Conkling & Rea* and *S. J. Jones* for respondents.

(1) It is a well-settled principle of practice that the order in which testimony shall be introduced in the trial of a cause is almost entirely within the discretion of the court, and even if not strictly in rebuttal such an error would not ordinarily justify a reversal, unless it should appear that that discretion had been abused. Feary v. Railway, 162 Mo. 75; Weller v. Railway, 164 Mo. 180; Burns v. Whelan, 52 Mo. 520; McFarland v. Accident Association, 124 Mo. 204. (2) Where an insurance company denies liability, the arbitration clause

is inoperative. Dantel v. Ins. Co., 65 Mo. App. 44; Montgomery v. Ins. Co., 80 Mo. App. 500; Vining v. Ins. Co., 89 Mo. App. 311. (3) Where the loss under a policy of insurance is total, an agreement to arbitrate is a *nudum pactum.* Baker v. Assurance Co., 57 Mo. App. 559; Okethe v. Ins. Co., 140 Mo. 558; Daggs v. Ins. Co., 136 Mo. 382. (4) If in fact there was no dispute as to the amount of the loss, then it is certain there was nothing to arbitrate. Baker v. Ins. Co., 57 Mo. App. 559. (5) Under the laws of this State, in case of total loss of the property insured, the measure of damage is the amount for which the property was insured, less whatever depreciation in value below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss, and the burden of proving such depreciation is upon the defendant. R. S. 1899, secs. 7969 and 7979; Baker v. Ins. Co., 57 Mo. App. 559; Gibson v. Ins. Co., 82 Mo. App. 515.

ELLISON, J.—This is an action on a policy of fire insurance on a lumber yard. The judgment in the trial court was for the plaintiff.

There are three points of objection to the judgment made by defendant. The first is that the court erred in the order of testimony which it permitted at the trial; that is to say, it ruled prejudicially to defendant in permitting evidence as to value of the lumber destroyed, to be introduced after the close of defendant's case; it being stated that such evidence was not properly rebuttal. The rule is that the order of testimony is entrusted to the discretion of the trial court. And this discretion may permit the plaintiff to introduce evidence after the close of defendant's case which is not rebuttal. It is only in cases of apparent abuse of such discretion that an appellate court will interfere. Weller v. Railway, 164 Mo. 180, 206; Burns v. Whelan, 52 Mo. 520.

We do not consider that the present case shows an abuse of discretion.

The second point is partly the same as the first.   It relates to the court's action in permitting plaintiff to introduce evidence of the comparative amount of lumber carried in plaintiff's yards before the fire and that of another lumber dealer.   This was objected to as not being rebuttal and as calling for a conclusion.

Plaintiff's loss was total and the fire destroyed their books and inventories kept prior to December 1, 1901, which was about three months before the fire, so that the matter of ascertaining what was the value of the property destroyed was difficult.   We have already disposed of the objection that this evidence was not rebuttal; and we do not think that its calling for a conclusion was sufficiently harmful (if improper at all under the circumstances) as to cause a reversal of the judgment.

The only remaining point made is an objection to instruction number six given for plaintiff.   That instruction declared that if defendant's adjuster intentionally gave plaintiff to understand and believe that defendant denied all liability under the policy, the provisions of the policy as to appraisement of loss became inoperative. The instruction was proper.   Vining v. Ins. Co., 89 Mo. App. 311.   Defendant does not, however, challenge it as a legal proposition but asserts that there was no evidence upon which it could be based.   We find on examination of the abstract, in connection with the one furnished by plaintiff, that there was evidence to which the instruction can fairly apply.

On the whole record we discover nothing to justify us in interfering and the judgment is accordingly affirmed.   All concur.