**Edward LAWTON and Thea Lawton, Plaintiffs-Respondents,**

v.

**The JEWISH HOSPITAL OF ST. LOUIS, Defendant-Appellant.**

No. 47129.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Parks G. Carpenter, Dana D. Eilers, St. Louis, for defendant-appellant.

Charles L. Merz, St. Louis, for plaintiffs-respondents.

SNYDER, Presiding Judge.

This is a medical malpractice action brought by Edward Lawton and his wife for injuries suffered when, as a patient at Jewish Hospital, Mr. Lawton fell while attempting to remove himself from a geriatric chair. A jury sitting before the circuit court of the City of St. Louis awarded Edward Lawton $85,000 and Thea Lawton $5,000. Jewish Hospital now appeals. The judgment is reversed and remanded for a new trial on the issue of damages only.

On appeal, Jewish Hospital raises five points of error. First, it challenges the admission into evidence of a videotape of Mr. Lawton. Second, it argues the trial court committed plain error by allowing plaintiff's counsel to engage in improper closing argument. Third, appellant contends that it was error to admit into evidence a purported summary of special damages. Fourth, it claims error in the admission into evidence of a deposition of a witness who was present in the courtroom. Fifth, appellant challenges the wording of plaintiff's verdict direct instructions.

On April 10, 1980, Edward Lawton was admitted to Jewish Hospital suffering from pneumonia and a fever. He was 88 years old. The record indicates that prior to that admission, Mr. Lawton had a history of medical problems, including urological disorders (requiring a colostomy), kidney problems, Parkinson's disease and heart disease.

Mr. Lawton was found to have a huge abscess surrounding his left kidney. He underwent surgery during the course of which the left kidney was removed and the abscess drained.

Lawton's behavior was erratic, apparently due to his advanced age, ill health and deafness. At times, he appeared lucid, communicative and cooperative. At other times he was confused, angry and combative.

On May 18, 1980, Lawton was visited in his hospital room by his wife. Mrs. Lawton went to the nurse's desk and requested that Nurse Barbara Lueders remove Lawton from his bed and place him in a "geriatric chair." A "geriatric chair" resembles a "high chair," with a removeable tray that latches on the arms of the chair, with varying degrees of proximity to a patient. Although the chair's purpose is not solely

that of a restraint, its effect is to prevent a person from leaving the chair until the tray has been removed. ·

Nurse Lueders then left the room. Sometime during Mrs. Lawton's visit, Mrs. Lawton left the room to go to a drinking fountain. When she returned, Mr. Lawton was on the floor, bleeding from his head and complaining that his leg was broken. It was later determined that Mr. Lawton had fractured his right hip and surgery would be necessary. Because of residual complications from the prior kidney surgery, the hip surgery was delayed.

Mr. Lawton left Jewish Hospital July 24, 1980 and went to Forest Park Manor, a recuperative facility, where he remained until his readmission September 29, 1980 to Jewish Hospital. Surgery was performed on the hip fracture, but because of the poor condition of the bone and bone stock, the preferred procedure could not be used. The surgeon performed a girdlestone type operation in which the ball portion of the hip joint is removed and not replaced. A permanent disability resulted. Other necessary evidence will be reviewed as the allegations of error are discussed.

Appellant first contends that the trial court erred in admitting into evidence a videotape of Mr. Lawton going about his daily routine. Mr. Lawton's health prohibited his attendance at trial. The tape showed Mr. Lawton using his walker, getting in and out of bed, using the bathroom, being shaved and dressed, and also moving around the house. The trial judge reviewed the tape in the absence of the jury and admitted it into evidence upon the condition that it be played without sound. He also directed that certain portions he considered irrelevant or inflammatory be excised.[1]

■ The decision of the trial court in the admissibility of a videotape must be accorded great weight and will not be disturbed on appeal unless it is shown that there has been an abuse of discretion. *Cryts v. Ford*

*Motor Co.,* 571 S.W.2d 683, 691 (Mo.App. 1978).

■ Here, the film illustrated the impact of the hip injury on respondent's daily routine. The nature and extent of respondent's injuries were facts essential to proof of his claims and necessary for the jury's determination of damages. *Kickham v. Carter,* 314 S.W.2d 902, 908 (Mo.1958). The videotape provided information essential to a fair jury determination because respondent's ill health prevented his appearance in the courtroom. Its probative value outweighed any prejudice that might have resulted.

The trial court carefully reviewed the videotape, removed from the jury's consideration any portions determined to be inflammatory or prejudicial, and ordered that it be played without the sound. There is nothing in the record before this court to indicate that the admission of the remaining portions of the videotape constituted an abuse of discretion. The point is denied.

In his second point, appellant argues that the trial court committed plain error by allowing respondent's counsel to engage in an improper closing argument. Appellant failed to object at trial. Although timely objections probably would have been sustained, it is unnecessary to discuss the content of that argument because the point is not reviewable by this court.

■ The plain error rule should not be invoked here to excuse mere failure to object to argument a party deems improper. The rule may be resorted to only in those exceptional circumstances when the reviewing court deems that manifest injustice or a miscarriage of justice occurred. *Goodman v. Firmin Desloge Hospital,* 540 S.W.2d 907, 917 (Mo.App.1976). This court finds no such circumstances. Appellant's second point is denied. .

In his third point, appellant contends that a purported summary of special damages

---

1. Removed from the tape were the shaving sequence, a portion of the sequence in which the respondent used the bathroom and a part of the

sequence in which respondent was lying in bed coughing and appeared to be in pain.

should not have been admitted into evidence. This court agrees.

At trial, Mrs. Lawton testified as to Mr. Lawton's medical expenses, using a summary of expenses compiled by her and respondent's attorney.

The summary was as follows:

| | | |
|---|---|---|
| JEWISH HOSPITAL | | $6,218.69 |
| FOREST PARK MANOR | | 1,057.50 |
| JEWISH HOME FOR THE AGED | | 10,473.00 |
| DR. JEROME GILDEN | | 1,905.50 |
| PRIVATE NURSING CARE | | |
| 1980: | $ 823.00 | |
| 1981: | 7,729.80 | |
| 1982: | 7,852.00 | |
| (as of 2/12) 1983: | 1,160.00 | |
| | | 17,564.88 |
| WHEELCHAIR & WALKER RENTAL | | 565.54 |
| | | $37,785.11 |

No bills or copies of bills were introduced into evidence to substantiate those expenses, nor was there any evidence to support a conclusion that those expenses originated solely because of the broken hip injury instead of Mr. Lawton's other physical problems.

■ A medical practitioner is liable only for the damage or injury caused by his or her malpractice, and not for the results of the patient's original injury or illness. *State ex rel. Baldwin v. Gaertner*, 613 S.W.2d 638, 640[1, 2] (Mo. banc 1981); *Guntner v. Whitener*, 75 S.W.2d 588, 592 (Mo.App. 1934).

■ In a negligence case, a defendant can be held liable only for those damages directly caused by his negligence. See *Vest v. City National Bank & Trust Co.*, 470 S.W.2d 518, 521 (Mo.1971). Similarly, a physician or surgeon, or in this case a hospital responsible for the actions of a nurse employee, is liable only for the damage or injury caused by any malpractice, and not for the results of the patient's original injury or illness. *Gunter v. Whitener*, 75 S.W.2d 588, 592 (Mo.App.1934).

■ At the time of the accident, respondent was in the hospital suffering from pneumonia and a fever. He had undergone major surgery for removal of an abscessed kidney. He was 88 years old. Mr. Lawton's behavior was erratic because of his advanced age, ill health and deafness. At times he appeared lucid, communicative and cooperative. At other times he was confused, angry and combative.

Respondent had a long history of urological disorders (requiring a colostomy), kidney problems, Parkinson's disease and heart disease. Mr. Lawton had difficulty in moving around without assistance. At the time of the accident it was necessary for Nurse Lueders to assist him in moving from the bed to the geriatric chair with its restraining tray.

It is unclear from the evidence whether the fall from the geriatric chair was the sole reason Mr. Lawton had to use a walker. There was testimony by one of the attending physicians that many persons of respondent's advanced age required the use of a walker. It is also unclear whether the broken hip alone gave rise to the need for a stay at the Forest Park Manor, Jewish Home for the Aged or private nursing care.

There was no evidence to show which of the summarized expenses were attributable to the broken hip injury. "Proof of causation cannot rest on conjecture and the mere possibility of such causation is not enough to sustain the [plaintiff's] burden of proof." *Savage v. Christian Hospital Northwest*, 543 F.2d 44, 47 (8th Cir.1976), quoting *Walstad v. University of Minnesota Hospitals*, 442 F.2d 634, 639 (8th Cir.1971). The jury was left with the license to speculate without a clear delineation of the specific expenses resulting from the fall from the chair.

The use of the summary of expenses also runs afoul of the Best Evidence Rule. "It is an elementary principle of law that the best evidence of which the case in its nature is susceptible and which is within the power of the party to produce, or is capable of being produced, must always be produced in proof of every disputed fact. *Hence, the best proof of the contents of a writing*

*is the writing itself."* Padgett v. Brezner, 359 S.W.2d 416, 422 (Mo.App.1962) (footnote omitted). (Emphasis added).

In this case, not a single medical bill was submitted to support Mrs. Lawton's summary of expenses. This is not an instance where complicated or detailed lengthy records were at issue, a situation that might allow the substitution of a summary for the original bills. *See Bolling Co. v. Barrington Co.*, 398 S.W.2d 28 (Mo.App. 1965). A minimal number of medical bills were at issue. No showing was made that the bills were unavailable, and absent such a showing, the summary and Mrs. Lawton's testimony related thereto should not have been admitted.

For these reasons, the judgment of the trial court must be reversed and the cause remanded for a new trial on the issue of damages only.

It is necessary to discuss the two remaining points of error.

■ Appellant contends that it was error to allow Nurse Lueder's deposition to be read into evidence when she was present in the courtroom. Prior to the reading of the deposition, appellant's counsel did object, pointing out Nurse Lueder's presence. The trial court concluded that the deposition could be read because the witness was not a resident of the City of St. Louis.

Later in the trial, appellant called Nurse Lueders as a witness and she testified to substantially the same facts as contained in the deposition.

Rule 57.07(a)(3) provides:

The deposition of any witness *who is not present in court* may be used by any party for any purpose if the court finds: ...

(E) that the witness resides in a county other than the one in which the trial is held; ...

(Emphasis added).

There can be no doubt that under the facts here, Nurse Lueders' deposition should not have been read into evidence. But in spite of that error, this court is at a loss to find any resulting prejudice. *See*

*McDowell v. Southwestern Bell Telephone Co.*, 546 S.W.2d 160, 163 (Mo.App.1976). Thus, that error provides no grounds for reversal.

■ In appellant's final point, it challenges the wording of two jury instructions. Specifically, appellant claims the instructions deviated from MAI 21.01 because they presented evidentiary facts beyond the hypothesized issues.

The instruction for Mr. Lawton reads as follows:

### Instruction No. 7

Your verdict must be for plaintiff, Edward Lawton, if you believe:

First, defendant failed to provide adequate restraints for Edward Lawton when he was placed in the chair so as to prevent him from getting out of the chair and causing injury to himself, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence Edward Lawton sustained damage

unless you believe plaintiff is not entitled to recover by reason of Instruction No. 9.

The term "negligent" or "negligence" as used in this instruction means the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the nursing profession.

Mrs. Lawton's verdict directing instruction contained similar language.

Appellant argues that the words "so as to prevent him from getting out of the chair and causing injury to himself," in the first paragraph of the instructions are argumentative and go beyond a hypothesis of ultimate fact. Appellant also alleges error in the instruction because of the inclusion of the words "nursing profession" in the last paragraph, a deviation from the definition of negligence in MAI 11.06.

Appellant made no record during the trial on specific objections to the instructions.

The trend in recent years has been away from reversal for error in instructions unless there is substantial indication of prejudice. *Fowler v. Park Corporation*, 673 S.W.2d 749 (Mo. banc 1984). Assuming, without deciding, that there was error here, this court finds no prejudice. The point is denied.

The judgment is reversed and the cause remanded for a new trial on the issue of damages only.

SATZ and GAERTNER, JJ., concur.