Mary CARMODY, as Guardian of
Mary Mittino, Appellant,

v.

ST. ANTHONY'S MEDICAL CENTER,
and Forbes McMullin, M.D.,
Respondents.

No. 60373.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1992.

Wayne R. Brewster, St. Louis, for appellant.

Allen D. Allred, James W. Erwin, Joseph M. Kortenhof, Edward V. Crites, St. Louis, for respondents.

GARY M. GAERTNER, Judge.

Mary Carmody, appellant and legal guardian of Mary Mittino, appeals from a judgment entered in the Circuit Court of St. Louis County, based on two jury verdicts regarding her causes of action for negligence against respondents, St. Anthony's Medical Center (hereinafter "St. Anthony's"), and Forbes McMullin, M.D. We affirm.

In November, 1987, Mrs. Mary Mittino, a physically active, mentally acute octogenarian fell in her home, suffering injury to her knees. Her internist, Dr. Muchnick, referred her to Dr. Forbes McMullin, respondent herein.

Mrs. Mittino came to Dr. McMullin's office with her husband, Charles Mittino, and her daughter, Mary Carmody. At Dr. McMullin's office, Mary Carmody filled out a form providing details of her mother's medical history. Dr. McMullin then conducted an examination of Mrs. Mittino, which included x-rays of her knees. He advised Mrs. Mittino that her knees were in very poor condition, and recommended knee replacement surgery. After Dr. McMullin explained the surgical procedure, all three people, including Mary Carmody, agreed to proceed with the surgery.

On November 17, 1987, Dr. Muchnick examined Mrs. Mittino. He checked her heart, lungs, eyes, throat and blood pressure, and his report, written afterward, stated that Mrs. Mittino was stable for surgery. Following this exam, Mrs. Mittino was admitted to St. Anthony's Medical Center. She underwent right knee replacement surgery the next day, November 18, 1987. The surgery was performed by Dr. McMullin at St. Anthony's.

After the surgery, Mrs. Mittino suffered hallucinations, became hysterical, and failed to immediately recognize family members. She was also unable to care for herself. Mrs. Mittino recovered, though not fully, and was transferred to another floor of the hospital to undergo physical therapy, where her improvement continued.

On December 3, 1987, Mrs. Mittino began complaining of right leg pain. On December 4, 1987, she was unable to stand. On December 7, 1987, Dr. McMullin took x-rays of the leg and diagnosed a displaced fracture of the right femur. A note written by Dr. McMullin on Mrs. Mittino's chart dated December 8, 1987, indicated "this type of break could only occur in a fall." Dr. McMullin performed surgery to repair the fractured femur on December 8, 1987.

Mrs. Mittino was discharged from St. Anthony's on February 15, 1988. She was placed in a nursing home where she remained at the time of trial, except for periodic hospitalization, as her condition may require. She can no longer walk and her mental condition seems to have deteriorated to a point even greater than that experienced before the femur surgery. Due to Mrs. Mittino's mental incapacity, Mrs. Mary Carmody was appointed Mrs. Mittino's guardian in February of 1988.

The instant lawsuit against St. Anthony's commenced on June 25, 1988. Dr. McMullin was joined as a defendant by amended petition dated August 31, 1989. On February 25, 1991, the cause went to trial on Counts I and III of appellant's amended petition. Count I contained Mrs. Mittino's claim against St. Anthony's for the femur fracture occurring in December of 1987.

Count III pertained to Mrs. Mittino's claim against Dr. McMullin for the knee replacement surgery of November 18, 1987. Trial was held from February 25, 1991, to March 1, 1991.

At trial, appellant called Dr. Joseph Lichtor, M.D. as an expert witness. Dr. Lichtor's testimony indicated that, in his opinion, the knee surgery was unnecessary. Dr. Lichtor did not criticize the surgical technique used to replace the knee, nor did he criticize the decision to surgically repair appellant's fractured femur or the technique used in so doing. On cross-examination, respondents brought out the fact that Dr. Lichtor has never performed a total knee replacement surgery and has done no surgery at all in the last ten years.

After extensive cross-examination, Dr. Lichtor was excused by the trial court and allowed to return home to Kansas. Neither defense attorney objected to the witness being excused by the court.

As part of its case in chief, St. Anthony's read selections of Dr. Lichtor's deposition into evidence. This was done over appellant's strenuous objection, and after an extensive conference in chambers concerning Rule 57.07. The portion read into evidence concerned when Dr. Lichtor thought the fracture first occurred, and showed nothing in the record which indicated improper care by hospital staff.

Appellant also called Debra Hutton as a witness during trial. Debra Hutton was the Director of Risk Management at St. Anthony's when Mrs. Mittino was in the hospital. Ms. Hutton's position required her to discuss quality of care concerns with patients and their families. As part of her duties, Ms. Hutton discussed the care Mrs. Mittino was receiving with Mrs. Carmody. Appellant was prohibited from eliciting from Ms. Hutton both the subject matter of the discussions as well as the results of Ms. Hutton's investigation on the grounds that Ms. Hutton had no personal knowledge of the events, and her investigation failed to disclose the cause of the fracture. Appellant submitted Ms. Hutton's entire deposition as her offer of proof.

During cross-examination by St. Anthony's, Mary Carmody said she was led to believe by St. Anthony's that there had been an accident involving her mother. However, appellant's counsel was likewise prohibited from inquiring about the basis, if any, for Mrs. Carmody's beliefs.

The case was submitted to the jury after the close of evidence and arguments by all sides. The jury returned verdicts in favor of both respondents, St. Anthony's and Dr. Forbes McMullin and judgment was entered accordingly. Appellant's motion for new trial was timely filed and overruled on March 14, 1991, and June 12, 1991, respectively. This appeal ensued.

 Appellant's first point concerns the reading into evidence of portions of the deposition of appellant's expert, Dr. Lichtor. As a prelude to our analysis, we take note of Rule 57.07, which provides, in relevant parts:

(a) **Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had proper notice thereof, in accordance with any of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.

. . . . .

(3) The deposition of any witness who is not present in court may be used by any party for any purpose if the court finds: ... (C) that the witness is a judge of a court of record, a practicing attorney or physician and engaged in the discharge of his official or professional duty at the time of trial; or (D) that the witness resides out of the state; or (E) that the witness resides in a county other than the one in which the trial is held; or (F) that the witness has gone out of the state or is a greater distance than 40 miles from the place of trial without the

consent, connivance or collusion of the party; or (G) that the witness is absent without the consent, connivance or collusion of the party and the party in the exercise of due diligence has been unable to procure the attendance of the witness by subpoena.

Respondent St. Anthony's, naturally, contends the instant case falls within Rule 57.07(a)(3)(D) (see above) which, in combination with subsection (a)(1) renders Dr. Lichtor's deposition admissible as far as the Rules of Evidence allow. We disagree, but find no prejudice sufficient to warrant reversal.

Rule 57.07(a)(3) is narrowly defined to apply only to depositions of witnesses who are not present in court. Dr. Lichtor was present in the courtroom to testify during appellant's case in chief. After his testimony, both defense attorneys stated on the record they required nothing further of Dr. Lichtor.

Missouri courts have faced similar but never identical facts regarding the instant issue. Almost a century ago, in the case of *McFarland v. United States Mut. Acc. Ass'n*, 124 Mo. 204, 27 S.W. 436 (1894), a similar situation arose, with several different factors present. The case was tried in Andrew county, and Dr. McCranor, a witness for plaintiff, resided in the city of St. Joseph, in Buchanan county. The deposition of Dr. McCranor had been taken, and was on file in the case. Dr. McCranor testified, and was also present in court until plaintiff closed her case in chief, after which he returned home. After the close of defendant's evidence, plaintiff offered to read the deposition of Dr. McCranor, and defendant objected on the ground the witness had been present in court until plaintiff closed her case in chief, and the deposition was therefore not admissible. The objection was overruled, and the deposition was read. As it did not appear that the absence of the witness was with the consent or collusion of plaintiff or her attorneys, the Missouri Supreme Court affirmed, holding the defendant had improperly objected to the deposition and had not sufficiently raised suspicions regarding

plaintiff's actions in failing to call Dr. McCranor while he was present in court. *McFarland,* 27 S.W. at 440.

In *Lawton v. Jewish Hosp. of St. Louis,* 679 S.W.2d 370 (Mo.App., E.D.1984), the defendant hospital tried to read a nurse's deposition into evidence while the deponent was present in the courtroom. After finding the deponent resided outside the county of trial, the trial court, following Rule 57.-07(a)(3)(E), allowed the reading. This court held the admission was erroneous, but could not find prejudice sufficient to warrant reversal when essentially identical evidence was offered by the same witness at other points during trial. *Id.* at 374.

The case before us is similar to *Lawton,* regarding the showing of prejudice to appellant. Relevant portions of the testimony read into evidence by the respondents were as follows:

Q. But my question to you, Doctor, is, are you saying that on a reasonable degree of orthopedic certainty, in your opinion, that the break occurred sometime prior to 10:00 a.m. on December 4th?

A. I don't know when it occurred. I can't specifically state. That is the first signal that a fracture had occurred at that time. But if it had, it was not displaced. It became displaced within three days at which time there was bleeding, and severe pain quite evident to the nurse.

Page 28, line 4, question to Dr. Lichtor.

Q. What I am saying, though, can you point to anywhere in the record where there is a specific event that you can say caused the break?

A. No.

Q. Can you point to anything in the record indicating that there was an improper transfer of Mrs. Mittino at any time?

A. No.

Page 32, line 16.

Q. Now, I am just trying to make sure I go through the—

So I am clear on this, there is not a specific event in the physical therapy or in her treatment or care on the floors?

By that I mean a transfer or whatever, that you can point to and say this is when the hospital employees didn't do what they were supposed to do and her leg broke?

A. No.

Q. Is that correct?

A. Correct.

Appellant can hardly claim prejudice on this point, as Dr. Lichtor himself admitted the same thing while he was testifying during cross-examination.

We note Federal Rule 32(a)(3), upon which the Missouri Rule is based, has been interpreted similarly. See *e.g. U.S. v. Intern. Business Machines Corp.,* 90 F.R.D. 377, 381–382 (S.D.N.Y.1981) (admission of deposition under Rule 32(a)(3) was error, but no determination was made regarding prejudice); *Nanda v. Ford Motor Company,* 509 F.2d 213, 224 (7th Cir.1974) (admission of deposition was error, but harmless); *G.E.J. Corporation v. Uranium Aire, Inc.,* 311 F.2d 749, 754–755 (9th Cir.1962) (admission of deposition was error, but insufficient for reversal); *Klepal v. Pennsylvania Railroad Company,* 229 F.2d 610, 612 (2nd Cir.1956) (admission of deposition after appearance of deponent as a witness was error, but harmless in a court-tried case; dicta only). The cases cited above acknowledge the difficulty for error in such a case to rise to the level of prejudicial error. *See Dunn v. St. Louis—San Francisco Ry. Co.,* 621 S.W.2d 245, 251 (Mo. banc 1981). Point denied.

■ Appellant's other point on appeal alleges error by the trial court in refusing to allow testimony of Debra Hutton regarding her investigation into the cause of Mrs. Mittino's femur fracture in early December of 1987. We find Ms. Hutton's testimony was properly excluded.

Ms. Hutton was not a participant in caring for Mrs. Mittino. She had no direct personal knowledge of the care Mrs. Mittino received. Her investigation, about which she would have testified, consisted of interviewing the people who did care for Mrs. Mittino, and reviewing the medical records of the case.

Testimony based on hearsay is not admissible. A witness should not be allowed

to testify to knowledge derived from the unsworn statements of third parties. *Locke Distributing Co. v. Hartford Acc. & Indem. Co.*, 407 S.W.2d 658, 671 (St.L.Ct. App.1966). Therefore, Ms. Hutton's testimony was properly excluded.

We also note most of the people Ms. Hutton relied upon for information in her investigation were called by appellant at trial. Therefore, even if Ms. Hutton's testimony was admissible, excluding it could hardly be prejudicial. Point denied.

The judgment in favor of Dr. McMullin is affirmed, as neither of appellant's points on appeal relate to his allegedly negligent decision to perform the initial knee replacement surgery. Points not briefed and argued are deemed abandoned. *Brown v. St. Louis County*, 792 S.W.2d 398, 400 (Mo. App., E.D.1990).

The judgments of the trial court in favor of respondents St. Anthony's Medical Center and Dr. Forbes McMullin are hereby affirmed.

REINHARD, P.J., and CRANE, J., concur.