DITBERNER VS. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS: CONSTITUTIONAL LAW. *(1) Statute making railroad company liable for injuries to employee, held valid.*
NEGLIGENCE. *(2, 3) When a question for the jury. (4) " Slight negligence."*

1. Ch. 173 of 1875 (which makes each railroad company of this state liable for damages sustained by any agent or employee thereof, while in the line of his duty as such, caused by the negligence of any other agent or employee of such company in respect to his duty as such, where the negligence of the person so injured does not materially contribute to the result), is valid, although it does not impose a similar liability upon other corporations or persons.
2. Plaintiff was employed as a section hand to work about defendant's depot yard in a city, and, while he was engaged, under direction of defendant's foreman, in driving a spike to hold a rail on one of the tracks in the yard, an engine, used in the yard to make up trains, backed cars along the track on which he was at work with his back toward the train, and struck and injured him. The special verdict was, that plaintiff knew, when driving the spike, that the switch-engine was switching cars and making up trains in the yard, and was liable to be run on any track, but did not know that the cars were being put on the track upon which he was at work; that it was the custom for the engineer to ring the bell on the switch-engine when it was in motion; that the bell was rung, and

heard by the plaintiff five minutes before he was injured, as the engine passed along a side track to his rear, but was not rung after the engine commenced backing toward him; that he had no reason to assume that it would not be run on the track where he was at work; that it was necessary for plaintiff, when driving the spike, to stand with his back to the approaching train; that, when taking that position, he did not look or listen for the train; and that if he had done so, he might have avoided the injury. The jury further found that the engineer of the switch-engine was negligent in not ringing the bell when backing his train towards the plaintiff; that such negligence caused the injury; and that, under all the circumstances, plaintiff was not guilty of any want of ordinary care. *Held*, that the court cannot say, as matter of law, that plaintiff was guilty of negligence in relying upon the custom as to ringing the bell, and so failing, under the circumstances, to look or listen for the cars; and the question of contributory negligence was therefore properly submitted to the jury.

3. It was also for the jury to determine whether the failure of the engineer to ring the bell while backing cars toward the plaintiff, was negligence.

4. It is the settled law of this state, that while a slight want of ordinary care on plaintiff's part will defeat such an action as this, it will not be defeated by "slight negligence" on his part; that phrase properly denoting a want of *extraordinary* care.

APPEAL from the Circuit Court for *Columbia* County.

The plaintiff was a section hand employed by the defendant railway company to work about its depot yard at Portage City. The yard is traversed by several tracks. While plaintiff was engaged, under the direction of his foreman, in driving a spike to hold a rail of one of the tracks in such yard, an engine of the defendant, used in the yard to make up trains, backed cars along the track on which the plaintiff was at work with his back towards the train, and struck and injured him. This action was brought to recover damages for such injuries. The complaint charges that the injuries were caused by the negligence of defendant's servants and employees, in failing to ring the bell on the engine (known as a switch engine), or to give any signal of the approach of the train to the place where plaintiff was at work. The answer denies that defendant's servants were negligent, and alleges that plaintiff's injuries were the result of his own negligence.

The jury found specially that plaintiff knew when driving the spike that the switch-engine was switching cars and making up trains in the yard, and was liable to be run on any track, but did not know that cars were being put on the track upon which he was at work; that it was the custom and usage for the engineer to ring the bell on the switch-engine whenever the engine was in motion; that the bell was rung and heard by the plaintiff five minutes before he was injured, as the engine passed along a side-track to his rear, but was not rung after the engine commenced backing towards the plaintiff; that plaintiff had no reason to assume that it would not be run on the track where he was at work; and that it was necessary for the plaintiff, when driving the spike, to stand with his back to the approaching train, but that when taking such position he did not look or listen therefor, although had he done so he could have avoided the injuries.

The jury further found that, under all of the circumstances proved, the plaintiff was not guilty of any want of ordinary care which contributed to his injuries, but that the engineer in charge of the switch-engine was negligent in not ringing the bell when he was backing his train towards the plaintiff, and that such negligence caused the injuries complained of.

The court denied motions on behalf of the defendant for judgment in its favor on the special verdict and for a new trial, and gave judgment for the plaintiff for the damages assessed by the jury. The defendant appealed.

*Melbert B. Cary*, for appellant, contended that ch. 173 of 1875 is void because in violation of that principle of constitutional law which prohibits unequal and partial legislation upon general subjects. Cooley's Con. Lim., 389–394; *Wally's Heirs v. Kennedy*, 2 Yerg., 564; *Durham v. Lewiston*, 4 Greenl., 140; *Holden v. James*, 11 Mass., 396; *Piquet's Case*, 5 Pick., 64; *Budd v. The State*, 3 Humph., 483; *Deppe v. Railway Co.*, 36 Iowa, 52; *Schrœder v. Railway Co.*, 41 id., 344; *Durkee v. Janesville*, 28 Wis., 464; *Bull v. Conroe*, 13

id., 238–244.   He also discussed other questions raised by the record.

*T. L. Kennan*, for respondent.

Lyon, J.   1. The learned counsel for the defendant maintains that the statute under which this action was brought (chapter 173, Laws of 1875), is unconstitutional and void.   The statute is as follows: " Every railroad company operating any railroad or railway, the line of which shall be situated in whole or in part in. this state, shall be liable for all damages sustained within this state by any employee, servant or agent of such company, while in the line of his duty as such, and which shall have been caused by the carelessness or negligence of any other agent, employee or servant of such company, in the discharge of, or for failing to discharge, their proper duties as such; but this act shall not be construed so as to permit a recovery where the negligence of the person so claiming to recover materially contributed to the result complained of."

It is claimed that this statute violates that principle of constitutional law which prohibits unequal and partial legislation on general subjects, and is therefore void.   It is conceded that the act would be a valid exercise of legislative power were its provisions restricted to cases of injury caused by the negligent operation of railways.   But it is assumed that the statute is not so restricted; that by its terms it seeks to make a railway company liable for an injury to an employee caused by the negligence of another employee, although the negligent act may have no connection with the operation of the railway of the company.   The argument is, that because the same liability is not imposed upon other corporations, the statute is void within the rule of *Durkee v. Janesville*, 28 Wis., 464.

Iowa cases have been cited which seem to assert the doctrine contended for.   The statute of that state under which those cases were decided, corresponding with our chapter 173 of 1875, limits a recovery to cases where the injuries were

caused by the negligent operation of railways. In view of that limitation, the assertion of the above doctrine in those cases seems to be *obiter*. It was unnecessary that the court should determine what its ruling would be were a different statute under consideration, or to rule upon a hypothetical statute. We entertain the highest respect for that learned and very able court, and can usually approve its judgments, but are unable to agree with it on this subject. Yet we concur in the judgments of that court in these very cases. We only reject the views stated *arguendo*, and which did not influence or affect the judgments.

The cases of *Attorney General v. The Railroad Companies*, 35 Wis., 425, decide the question under consideration adversely to the position maintained by the learned counsel for the railway company. It was held in those cases that a statute which limited the rates to be charged by railway companies for fares and freights was a valid enactment, although such limitations were not imposed upon other common carriers, whether corporate or individual. The statute was held to be a proper exercise by the legislature of the power granted to it by the constitution to alter or repeal the charters of those corporations. Const., art. XI, sec. 1. The same principle is involved in this case. If the legislature can impose limitations and restrictions upon railway companies not imposed upon other common carriers, whether corporate or otherwise, it may in like manner impose liabilities upon such companies from which other common carriers and other corporations are exempt.

The discussion by the chief justice in the cases above cited, of the constitutional power of the legislature over corporations and their charters, is so full and satisfactory that nothing can profitably be added to it. It must be held that chapter 173 of 1875 is a valid enactment.

2. The next question to be determined is, whether the special findings sustain the judgment.

The jury found that it was the custom and usage for the

engineer of the switch engine to ring the bell when his engine was in motion in the depot yard; that he failed to do so when moving towards the plaintiff on the track where he was at work when injured; and that the failure to ring the bell caused the accident, and was negligence. The findings establish the negligence of the defendant's employee, the engineer.

The jury also found that the plaintiff knew the "switch engine was being used in the yard, and was liable to be run on the track where he was at work; and that he failed to look or listen for its approach, although had he done so he could have escaped injury. It is said that these findings show negligence on his part, notwithstanding the jury found that he was not negligent.

Under the rule of *Schultz v. Railway Co.*, 44 Wis., 638, we think the question of the alleged contributory negligence of the plaintiff was properly submitted to the jury, and that the finding in that behalf cannot be disturbed. The facts of that case are somewhat like the facts of this case. It is there said: " The plaintiff had the right, without being chargeable with negligence, to act on the presumption that the bell of the engine would be rung before the cars were moved." So in this case we think the plaintiff might rely upon the bell being rung when the engine was in motion, without being guilty of negligence; that is, we cannot say, as matter of law, that he is chargeable with negligence because he failed to look or listen for the approaching engine and cars. The true position is, we think, that such failure was a fact to be considered by the jury, and it was for the jury to determine whether it was or was not negligence. That is the meaning of the language quoted above from the opinion in *Schultz v. Railway Co.* We conclude that the special findings support the judgment.

3. We find no error in the instructions which the court gave to the jury, or in the refusal to instruct them as asked on behalf of the defendant.

The court refused to instruct the jury that if, within

two or three minutes before the accident, the plaintiff heard the bell and knew the engine was moving to and fro through the yard, making up a train, that was sufficient notice to the plaintiff, and as to him it was not negligence if the bell was not sounded at the minute he was struck. We think it was for the jury to say whether, under all the circumstances of the case in proof, the failure to ring the bell was negligence or not, and that the proposed instruction was properly refused.

An instruction submitting to the jury the whole question of negligence — whether on the part of the plaintiff or the engineer — was given. It has already been said that this was a proper question to be thus submitted.

The only remaining exception was to an instruction that "slight negligence on the part of the plaintiff will not defeat his right to recover." That is the settled law of this court. Slight want of ordinary care by the plaintiff in a case like this is fatal to a recovery, but slight negligence (which is the want of extraordinary care) will not defeat the action. *Griffin v. The Town of Willow*, 43 Wis., 509, and cases cited.

*By the Court.* — The judgment of the circuit court is affirmed.