POWELL et al., Appellants, v. TINSLEY, Respondent.

St. Louis Court of Appeals, May 11, 1909.

1. CHATTEL MORTGAGES: Replevin: Prima-Facie Case. In an action of replevin to recover two mules claimed by the plaintiff under a chattel mortgage, where the defendant claimed the right to possess the mules by virtue of a prior chattel mortgage, the evidence is examined and held not sufficient to show that plaintiff was entitled as a matter of law to a judgment.

2. ———: Description. In an action of replevin to recover two mules under a chattel mortgage, which the defendant claimed by virtue of a prior chattel mortgage, where the latter mortgage described one of the mules as being brown while the

plaintiff's mortgage described it as being black, and where the color of the mule was such that it might be described either way, and it was proven that the plaintiff knew that the defendant's mortgage was intended to cover the same animals, the description in defendant's mortgage was not so indefinite as to make it void.

3. ———: **Estoppel.** Where parties took a chattel mortgage upon a pair of mules and before taking the mortgage were told by the holder of a prior mortgage that the latter's mortgage had been paid off, the statement was sufficient to raise an estoppel against the holder of that mortgage to assert his right when sued for possession of the mules.

4. ———: ———: **Assignees.** Where, on taking a chattel mortgage upon a pair of mules, the mortgagee was told by the holder of a prior mortgage that the latter's mortgage had been paid off so as to create an estoppel in the latter to assert his claim, and the mortgagee in the subsequent mortgage afterwards assigned his mortgage to other parties who were told of the statement of the first mortgagee and took the second mortgage relying upon the statement, the holder of the first mortgage was estopped to assert his claim as against the assignees.

5. ———: ———: **Pleading.** And in such case where the petition stated a cause of action in replevin and the defendant's answer was a general denial, and the defendant introduced his prior mortgage to show he was entitled to keep the property against the plaintiffs, the defendant could then show the estoppel without having pleaded it. The case took a course which afforded the plaintiff no opportunity to plead estoppel.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*S. J. Corbett* and *Shepard & Shepard* for appellant.

(1) Unquestionably Tinsley would be estopped to deny his declarations to Corbett, representing Roberts, to the effect that the debt due him from Campbell, to secure which his mortgage from Campbell was given, had been paid, and that it was all right for Roberts to go ahead and take the mortgage to secure this note for $500. In his declarations and actions every ele-

ment to constitute estoppel is present, which are: 1. A false representation or a concealment of material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom the representation was made must have been ignorant of the truth of the matter. 4. The representation must have been made with the intention that the other party act upon it. 5. The other party must have been induced to act upon it to his hurt or damage. Bigelow on Estoppel (5 Ed.), 570; Blodgett v. Perry, 97 Mo. 273. (2) Respondent in this cause will undoubtedly claim that plaintiffs are not entitled to invoke the doctrine of estoppel because no such issue was made by the pleadings. But the court will plainly see that the facts developed on the trial which gave plaintiffs the right to invoke the doctrine of estoppel, and where the matter first appears during the trial, the plaintiffs have no opportunity to plead; therefore is entitled to take advantage of the doctrine of estoppel in such cases without pleading it. Burk v. Pence (Mo.), 104 S. W. 23; Clink v. Thurston, 47 Cal. 21; Campbell v. Goodall, 8 Ill. App. 276; Phillips v. Blair, 38 Ia. 649.

*Sterling H. McCarty* for respondent.

(1) (a) Appellants in their brief attempt to invoke the doctrine of estoppel and contend that facts developed on the trial which gave plaintiffs the right to invoke that doctrine. The only testimony, which in any way tends to show that there was anything to estop defendant Tinsley, was given by Attorney Corbett, one of the plaintiffs and he testified that the occurrence took place nearly a year before plaintiffs filed their suit. Yet no estoppel was pleaded. (b) Estoppel *in pais* must be pleaded by the party seeking to avail himself of it. Throckmorton v. Pence, 121 Mo. 50; Bray v. Marshall, 75 Mo. 327; Price v. Hallett, 138 Mo. 561. (2)

(a)  Appellants complain of the action of the court in refusing to give instruction No. 6.   Instruction No. 1, given by the court at the instance of the appellants covers instruction No. 6 entirely.  The court gave plaintiffs all of the law that they need, even under their theory of the case, but they could not furnish the solid foundation of facts upon which to rest a verdict in appellant's favor.  (b)  If, when all of the instructions are taken together, there could in reason, be no misconception as to the law of the case, there can be no reversal.  McGrew v. Railroad, 109 Mo. 582; Minter v. Hardware Co., 50 Mo. App. 177.  Especially if the verdict is manifestly for the right party.  Nelson v. Froster, 66 Mo. 381.

GOODE, J.—On September 29, 1905, Mary and C. Campbell, executed and delivered to F. D. Roberts a chattel mortgage on two black horse-mules each fifteen and one-half hands high.  This mortgage purported to be given to secure the payment of a promissory note given by said Campbells to said Roberts on the date aforesaid, for $500, due ninety days after date and drawing interest at eight per cent per annum, but was in fact executed to indemnify Roberts as surety on an appeal bond in a cause appealed from a justice of the peace to the circuit court, wherein G. W. Bradley was plaintiff and the said Campbells defendants. Said mortgage provided about the possession of the property as follows:

"The property hereby sold and conveyed is to remain in our possession until default be made in payment of said debt and interest, or some part thereof, but in case of a sale or disposal or attempt to sell or dispose of said property, or a removal or attempt to remove same from Pemiscot county, Missouri, or any unreasonable depreciation in value thereof, then the said F. D. Roberts, or his legal representative, may take the said property or any part thereof, into his possession."

On December 16, 1901, said C. Campbell had executed and delivered to defendant Tinsley a chattel mortgage on certain mules which were described as follows: "One black horse-mule about five years old, about fifteen hands high, and one brown horse-mule about eight years old and about sixteen and one-half hands high." This mortgage was given to secure a promissory note for $330.25, made by Campbell to Tinsley December 9, 1901, to fall due thirty days after date. The mules described in the mortgage executed by Campbell to Roberts were denominated in the instrument "Dan and Charley," whereas the name spaces of the mules were left blank in the Tinsley mortgage. Tinsley testified his mortgage embraced the animals in controversy and that the note secured never had been paid. There is something in the record about two other mortgages having been given on the property in controversy to different parties; that they are prior to plaintiffs' mortgage and yet unsatisfied. But no point is made concerning this matter, and while it might be important, it is left in so vague a state we will ignore it. The case in which Roberts had signed Campbell's appeal bond was tried in the circuit court, decided in Bradley's favor, Campbell appealed to this court, and the four present plaintiffs, T. C. Powell, J. W. McElvain, C. G. Shepard and S. J. Corbett became sureties on the appeal bond then given. In this posture of the case the note and mortgage Campbell had executed to Roberts to indemnify him as surety on the appeal bond from the justice's court, were assigned by him to these plaintiffs to indemnify them against loss as sureties on the second appeal bond. The assignment was with the consent of Campbell, and as part of the consideration for it, plaintiffs agreed with Roberts to hold him harmless on the bond he had signed. This arrangement was brought about by S. J. Corbett and C. G. Shepard, who were Campbell's attorneys in the case. Tinsley took possession of the mules under his mortgage in the summer

of 1906 and advertised them for sale about September 1st. The petition of plaintiffs was filed August 30, 1906, and in it they allege the execution by Campbell of the mortgage to Roberts to secure the note for $500 and the assignment by Roberts to them; that by reason of condition broken, plaintiffs were entitled to possession of all the property described in the mortgage, including the mules in controversy, and further allege defendant wrongfully had taken and retained possession of the property. The answer said defendant was entitled to possession of the mules, denied the other allegations of the petition and stated affirmatively the chattel mortgage under which plaintiffs claimed, was void and without consideration because it was given only for indemnity and plaintiffs had not been out any money. There was testimony that before Roberts accepted this mortgage as indemnity, his attorney Corbett sought Tinsley and asked him whether he had a mortgage on the mules, and Tinsley said he had been paid the debt for which he previously had held a mortgage on the animals. Tinsley denied making this statement. Roberts assigned his mortgage and note to plaintiffs after the note was past due and the day before this action was begun. No liability had accrued then on the Campbell appeal bond or at the date of the trial. There was testimony tending to prove Campbell did not own one of the mules (Dan) when he gave the mortgage to Tinsley in 1901; and testimony to prove the contrary; also that though one of the mules in the Tinsley mortgage was described as brown, its color was of a shade which might be called indifferently either brown or black; that the same animals were described, or meant to be, in both the Roberts and the Tinsley instruments. The court found defendant was entitled at the time the action was begun, to possession of the property in dispute. Judgment having been entered for defendant, plaintiffs appealed.

I.   We discern no reason why the court should have declared plaintiffs were entitled as a matter of law to a judgment on the facts in proof. Defendant's mortgage antedated the one under which plaintiffs claimed by four years, and if it was a lien on the property, gave him the right to possession as against plaintiffs. The evidence was contradictory regarding whether the debt secured to defendant had been paid, and as the court declared the judgment should be for plaintiffs if it had been, the finding of fact must have been the other way. The court likewise declared that if Campbell did not own the mule Dan when he executed the mortgage to Tinsley, plaintiffs were entitled to recover possession of that animal, and so must have found Campbell owned it at said date. Plaintiffs contend the description of the mules in Tinsley's mortgage was too uncertain for the instrument to be effective, particularly as to one of the animals in controversy; and point to the description which says "a mule five years old," whereas in their mortgage both were said to be eight years old. But it is to be remembered theirs was given nearly four years later. It is true one of the mules covered by the Tinsley mortgage is described as brown, while plaintiffs' mortgage describes black mules; but this discrepancy was sufficiently explained in our statement. The evidence for plaintiffs conclusively proves they knew Tinsley's mortgage covered the animals described in the Roberts mortgage, and the description in the former was not so indefinite as to make it void.   [Campbell v. Allen, 38 Mo. App. 27; Dodson v. Dedman, 61 Mo. App. 209.] We overrule this assignment.

II.   Complaint is made because the court refused to declare at plaintiffs' request, that as their mortgage was given by Campbell to secure a contingent liability which was outstanding against plaintiffs when this action was instituted, and also when it was tried, said mortgage was given for a valuable consideration and plaintiffs had

the right to sue in order to save their security, as the mortgage property was about to be disposed of by defendant. Another declaration of exactly the same import was given at plaintiffs' request, thus showing the court accepted their theory of the law. [State to use v. King, 44 Mo. 238.] The argument of counsel that it is error to give conflicting instructions or declarations is irrelevant; for that was not done. We say nothing regarding whether plaintiffs were entitled to possession when, as yet, they had sustained no loss on account of the suretyship which the mortgage was given to indemnify against, as this point was determined in their favor.

III. The court refused to declare Tinsley was estopped to deny his declaration to Corbett, if it was found the latter, as Roberts' attorney, has asked Tinsley before taking the mortgage from Campbell for Roberts, if he (Tinsley) had a mortgage on the mules in question, and Tinsley answered the mortgage he once had held on the mules had been paid off. There can be no doubt this statement would suffice to raise an estoppel against Tinsley in favor of Roberts, if the latter relied on it, as the evidence tends to prove he did. [Chouteau v. Goddin, 39 Mo. 229; Richards v. Johnson, 4 Hurl. & N. 660; Pickard v. Sears, 6 Ad. & El. 469.] The question is whether plaintiffs as assignees of Roberts can invoke the estoppel. Courts have sometimes said the assignment of a contract does not transfer any right of estoppel which might exist in connection with it in favor of the assignor; also that an estoppel based on a misrepresentation can be asserted only by him to whom the false statement was made. [Shillito v. McClung, 51 Fed. 868, 876; Citizens Bank v. Burrus, 178 Mo. 718.] The adjudications on the subject are to be interpreted, of course, with reference to the facts of the cases in which they were pronounced; and the cases just cited and others like them, did not present circumstances which pressed so urgently for an allowance of the es-

toppel as do those at bar.   If Tinsley made the statement in dispute, the inference is clear that plaintiffs relied on it in taking the assignment of the Roberts' mortgage; for one of them (Corbett) had made the inquiry of Tinsley as attorney for Roberts, another (Shepard) was Corbett's attorney and knew of the statement, and those two induced Powell and M'cElvain to join them as sureties on the second appeal bond and in agreeing to hold Roberts harmless on the first one.   Plaintiffs became assignees for value when they so agreed; at least prima facie they did; and such have been held entitled to the protection of an estoppel available to their assignors.   [Krothwold v. Dawson, 140 Ind., 1; Kinnear v. Markey, 85 Ill. 96; Wood v. Seely, 32 N. Y. 105.]   The doctrine is analogous to the one that privies in estate can raise an estoppel for matters which transpired between their vendors and the party to be estopped. [Hill v. Miller, 3 Paige, 256; Child v. Chapelle, 5 Seld. 246.]   In Richards v. Johnson, supra, the question was not involved, but Martin B. said in his opinion, that where a person had been induced to alter his condition by admissions or statements of another, the latter would be estopped from disputing their truth "with respect of that person and those claiming under him in that transaction, but as to third persons he was not bound." These plaintiffs claimed under Roberts and are within the scope of that dictum.   A thoughtful treatise says an estoppel by misrepresentation passes to an assignee. [Ewart, Estoppel, 220.]

IV.   Counsel for defendant insists plaintiffs lost the estoppel by not pleading it, but inasmuch as they had no opportunity to do so, this position is untenable. Their petition stated a cause of action and their evidence sustained it.   Defendant answered by a general denial and introduced his mortgage to show he was entitled to keep the property as against plaintiffs.   Testimony was introduced by plaintiffs in rebuttal, and without

objection, to show defendant was not entitled, because he had declared his mortgage had been satisfied, and on the faith of the declaration plaintiffs had taken their indemnity. As the case took a course which afforded no opportunity to plead the estoppel, it was available on the evidence. [Ess v. Griffith, 139 Mo. 322, 332; Clark v. Thurston, 47 Cal. 21; Foye v. Patch, 132 Mass. 105; Gans v. Insurance Co., 43 Wis. 108; Bigelow, Estoppel (5 Ed.), note 3, page 698.]

The judgment is reversed and the cause remanded. All concur.