FRANK SWOBODA, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED JUNE 10, 1910. No. 16,080.

1. Constitutional Law: EMPLOYER'S LIABILITY ACTS. The Employer's Liability Act of 1907 (Comp. St., ch. 21, sec. 3), providing that every railway company operating a railway engine, car or train in the state of Nebraska shall be liable to any of its employees, who at the time of injury are engaged in construction or repair work, or in the use and operation of any engine, car or train for said company, for all damages which may result from the negligence of any of its officers, agents, or employees, is a valid law under the constitution of Nebraska, and is not repugnant to the fourteenth amendment of the federal constitution.

2. Master and Servant: INJURY: EVIDENCE. Evidence examined and set out in the opinion held sufficient to show that plaintiff at the time of his injury was engaged in construction or repair work within the meaning of such act.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Affirmed.

N. H. Loomis, Edson Rich, James E. Rait and E. H. Crocker, for appellant.

Smyth, Smith & Schall, contra.

FAWCETT, J.

This case involves a construction of section 3, ch. 21, Comp. St. 1909, adopted in 1907, commonly called the "Employer's Liability Act." One of the departments of defendant's shops in the city of Omaha is known as the blacksmith shop. Plaintiff was employed therein as a helper. He and another helper, Carl Gall, were operating a steam hammer weighing about 500 pounds, in flattening iron washers. Gall was operating the hammer by means of levers. Plaintiff stood in front of the hammer, placing and removing the washers on a steel die of the hammer. One blow was required to flatten each washer. As the hammer lifted, plaintiff would remove the flattened washer with his hand, and replace another for the next stroke of the hammer. The negligence alleged is that Gall, who was controlling the hammer, carelessly and negligently caused it to descend while plaintiff's right hand was thereunder, and while plaintiff, in the exercise of due care and in the performance of his duties, was endeavoring to remove from the plate a washer theretofore placed by him thereon. The evidence shows that the washers then being made were for general use by defendant in the repair of its engines and cars; that when cars or engines are being repaired and a bolt goes through a piece of wood, one of these washers is always placed at the head of the bolt; that the shop in which plaintiff was working employs about 135 men; that there are 29 blacksmiths who work the forges, 4 driving hammers, 5 bolt machines, 2 shears, about 22 furnaces in operation, 9 power hammers, and 2 similar to the one in question. The foremen of the shop, when asked what they did in the way of repairing iron work on cars, answered: "Every article which is made of metal; we repair every article of iron or steel; do the necessary repairing or make new where it is ordered"; that when engines are to be repaired they are taken to the machine shop and stripped down to the base, and whatever is necessary to be repaired on the engines is

sent to the blacksmith shop, "and we repair those things and take them back to the machine shop and put them back on the engine"; that any part of the iron work or metal parts of an engine that get out of repair are sent to that shop to be repaired; that they also do the repairing of iron-work on freight cars, box cars, passenger cars and engines, and also construct new parts of cars and engines.

The defenses relied upon are that the work upon which plaintiff was engaged at the time of his injury was not "construction" or "repair work," as such words are used under the employer's liability act; that plaintiff's injuries were received by and through the carelessness of his fellow servant contributing thereto; that the employer's liability act, under which plaintiff is seeking to recover, is violative of section 1 of article 14 of amendments to the constitution of the United States; and that "said act by its provisions makes railroad companies liable for injuries to employees resulting from the negligence of fellow servants and co-employees when such injured employees are injured in construction and repair work not involving the dangers and hazards peculiar to the business of constructing, maintaining, and operating railroads, when no such liability is attached by the state of Nebraska to other employers for similar hazards, thereby depriving railroad companies of the equal protection of the laws accorded to all other litigants, persons, or corporations within the state of Nebraska, and violating that part of section 1 of the fourteenth article of amendments to the constitution, which provides 'no state shall make or enforce any law, * * * nor deny to any person within its jurisdiction the equal protection of the laws.' " From a judgment in favor of plaintiff, defendant appeals.

Section 3, ch. 21, Comp. St. 1909, provides: "That every railway company operating a railway engine, car or train in the state of Nebraska shall be liable to any of its employees, who at the time of injury are engaged in construction or repair work, or in the use and operation

of any engine, car or train for said company, * * * for all damages which may result from negligence of any of its officers, agents, or employees, or by reason of any defects or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works." Counsel for defendant in their brief clearly state their position as follows: "The defendant contends that this statute affects only such employees as are injured through a risk or hazard incident and peculiar to the business of constructing, repairing and operating railroads, and that, while the statute on its face is broad enough to cover other employees, if extended beyond railroad hazards, it is violative of the fourteenth amendment to the constitution of the United States for the reason that the state of Nebraska cannot impose burdens or restrictions upon railroad companies with reference to personal injuries unless all employers are equally affected by the statute in cases where the injuries arise in the same manner."

Authorities are not wanting to sustain defendant's contention. They are cited and ably presented in defendant's brief. But the clear weight of authority and the better reasoning is the other way. It would be interesting to review the authorities, but that has been so ably done by the supreme court of the United States, and other courts, in the cases cited below, that we shall not enter into a general review of the cases.

In *Missouri P. R. Co. v. Mackey*, 32 L. ed. 107 (127 U. S. 205) the syllabus reads:  (1) "The law of Kansas making a railroad company liable to an employee for the negligence or mismanagement of other employees or agents of the same company is not in conflict with the fourteenth amendment to the constitution of the United States, in that it deprives the company of its property without due process of law, and denies to it the equal protection of the laws."

(2) "Legislation which is special in its character is not obnoxious to the last clause of the fourteenth amendment,

if all persons subject to it are treated alike, under similar circumstances and conditions, in respect both of the privileges conferred and the liabilities imposed."

Instruction number 8 given by the court below, and complained of by defendant here, was evidently taken from the opinion in this case. The instruction in almost identical language is quoted by Mr. Justice Field, and approved.

In *Tullis v. Lake Erie & W. R. Co.*, 175 U. S. 348, the court say: "Considering this statute as applying to railroad corporations only, we think it cannot be regarded as in conflict with the fourteenth amendment." The opinion by Mr. Chief Justice Fuller then reviews a number of the cases on the subject, among them *Peirce v. Van Dusen*, 78 Fed. 693, which, considering the prominence of the judges who decided it, we will briefly refer to. The opinion was by Harlan, Circuit Justice, and associated with him were Circuit Judges Taft (now President) and Lurton (now associate justice of the supreme court). The third paragraph of the syllabus reads: "The third section of said statute, altering the rule as to the liability of an employer for the negligence of fellow servants, as it applies to all railroad corporations operating railroads in the state, and to all of a given class of railroad employees, is not repugnant to the provision of the constitution of Ohio that all laws of a general nature shall have uniform operation throughout the state." To show that the same argument was made before these eminent judges as is being made here, we quote from the opinion (p. 701): "But it is contended that the Ohio statute is repugnant to the provision of the constitution of Ohio declaring that 'all laws of a general nature shall have uniform operation throughout the state.' Article 2, sec. 26. The argument made in support of this view by the learned counsel for the receiver may be thus summarized: That the act imposes a liability for damages for the negligence of fellow servants only as against a railroad company operating a railroad within Ohio; that it confers a right

of action only upon employees of such railroad companies; that no other employer is subject to the liability, and no other employee is given the right; that the act selects from the general class of employers railroad companies operating railroads, and imposes upon them a special burden; that the act is special class legislation, not uniform throughout the state, and applies to no person or company engaged in any other occupation employing servants, although the occupation be equally hazardous. Consequently, the act is special in its operation and effect, is confined to particular corporations engaged in a specific business, does not cover the whole subject of the relations of master and servant, and is not, therefore, of a general nature, and of uniform operation throughout the state, within the meaning of the constitution of Ohio." The opinion then reviews the cases cited by counsel in support of their contention, and on p. 704, concludes: "We do not deem it necessary to pursue this subject further. We think it clear that the Ohio statute is not obnoxious to the constitutional provision requiring all laws of a general nature to have a uniform operation throughout the state. As it applies to all railroad corporations operating railroads within the state, it is, within the meaning of the state constitution, general in its nature; and, as it applies to all of a given class of railroad employees, it operates uniformly throughout the state."

In *Nicholson v. Transylvania R. Co.*, 138 N. Car. 516, the court, in considering a statute giving any employee of a railroad "operating" in that state a cause of action for injuries suffered because of the negligence of a fellow servant, on page 519, say: "But the act applies only to employees of a 'railroad operating,' not that such employees must be operating the trains, but they must be employees in some department of its work, of a railroad which is being operated. Such business is a distinct, well-known business, with many risks peculiar to itself, and all the employees in such business, whether running trains, building or repairing bridges, laying tracks, work-

ing in the shops or doing any work in the service of an
'operating railroad,' are classified and exempted from the
rule which requires employees to assume the risk of all
injuries which may be caused by the negligence of a fel-
low servant."

In *Georgia Railroad & Banking Co. v. Ivey*, 73 Ga. 499,
in considering a similar statute, the court say: "This
is no special law. It is a law applicable to all railroad
companies and their employees, whether employed in
running trains or not. It would be more special and less
general if applicable only to those engaged in running the
trains. It is a general law embracing in its terms all
railroads and their employees."

Without pursuing the subject further, it is sufficient to
say that statutes similar to ours are sustained and held
not in conflict with the fourteenth amendment to the con-
stitution of the United States, or with state constitutions
against special or class legislation, in the following cases:
*Ditberner v. Chicago, M. & St. P. R. Co.*, 47 Wis. 138;
*Kane v. Erie R. Co.*, 133 Fed. 681; *Erie R. Co. v. Kane*,
155 Fed. 118; *St. Louis & S. F. R. Co. v. Mathews*, 165 U.
S. 1; *Campbell v. Cook*, 86 Tex. 630; *Hancock v. Norfolk
& W. R. Co.*, 124 N. Car. 222, and a very extended discus-
sion of the subject in *Callahan v. St. Louis, M. B. T. R.
Co.*, 170 Mo. 473, 60 L. R. A. 249. We have also announced
the same doctrine in *Insurance Co. v. Bachler*, 44 Neb.
549, 565, where we had under consideration the provis-
ions of the valued policy law, which allows the taxing of
an attorney's fee in cases where a recovery is had by the
assured. We there said: "It is said that this act is class
legislation because it applies only to insurance companies;
but where a law is general and uniform throughout the
state, and operates alike upon all persons and localities
of a class, it is not objectionable as wanting uniformity of
operation."

The defendant's contention that plaintiff is not within
the class protected by the statute because he was not in-
jured through a risk or hazard incident and peculiar to

the business of constructing, repairing and operating
railroads is not sustained by the wording of the statute.
The statute reads: "That every railway company operat-
ing a railway engine, car or train in the state of Nebraska
shall be liable to any of its employees, who at the time of
injury are engaged in construction or repair work." That
constitutes one class of employees who are entitled to the
benefit of the statute. Then, separated from the former
by the disjunctive "or," we have the other class, viz., "or
in the use and operation of any engine, car or train for
said company." It is clear from this wording of the
statute that the legislature intended that the fellow serv-
ant rule (not law) should not apply to any of the em-
ployees of any railroad in the state who were either
engaged in the operation of engines, cars or trains, or
were engaged in construction or repair work. Substan-
tially the same reason sustains the entire classification;
that is to say, there are dangers inherent in and peculiar
to all the vocations described in the statute, which are
rarely, if ever, encountered by employees working for a
master not engaged in the operation of a railway. The
legislature well knew that substantially all railway con-
struction or repair work is dangerous, performed either
in the immediate vicinity of tracks upon which trains are
passing or by the use of dangerous machinery, as in the
case at bar. Classifications should receive a practical
construction, and we are of opinion that a reasonable ap-
plication of the law to the facts in the case before us not
only brings the plaintiff within its purview, but forbids a
holding that the law itself is obnoxious to the constitu-
tion of the United States or to the constitution of the
state of Nebraska.

We must not be understood as deciding that all work
of construction or repair of any article or structure per-
formed in the service of a railroad company comes within
the purview of the statute. The work of a railroad com-
pany is divided into many departments. The duties and
hazards of employees in one department may be as dis-

similar from those in other departments as are those of a clerk or bookkeeper in the uptown headquarters from those of an engineer or brakeman on a train; and questions may hereafter arise as to the scope of the act under consideration, which we do not now decide. But, where the work of construction or repair is as closely connected with the actual operation and use of the railroad as the work of the present plaintiff, it seems clear that it is within the class of hazards covered by the act.

Approving and following the authorities above cited, we hold that the act under consideration is valid, and that plaintiff, at the time of his injury, was engaged in construction or repair work within the meaning of the act. This being true, the court did not err in giving the eighth instruction complained of, nor in refusing to give the fourth instruction requested by the defendant.

The judgment of the district court is therefore

AFFIRMED.