ANDREW J. METZ, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED FEBRUARY 15, 1911.   No. 16,288.

1. **Master and Servant: INJURY TO SERVANT: EMPLOYER'S LIABILITY ACT.** A railway company's servant employed in its water supply department and engaged in digging a well to be used in supplying its locomotive engines with water is within the protection of section 3, ch. 21, Comp. St. 1907.

2. ———: ———. If a servant thus employed and while engaged in that work is injured as a result of the negligence of a fellow servant, the employer is at least *prima facie* liable therefor.

3. Appeal: NEGLIGENCE: INSTRUCTIONS. In such a case, if the defendant pleads that the plaintiff's injuries were caused by the negligence of a fellow servant, and the court instructs the jury that the defendant is not liable for injuries caused by risks that were known to the plaintiff or were obvious to a man of his experience and understanding, and there is no proof that the plaintiff was negligent, a verdict in his favor will not be reversed because of errors in the court's charge which could not have prejudiced the defendant.

4. Hearsay evidence tending to prove a material fact, if admitted without objections, may sustain a finding of the existence of· that fact. The probative force of such evidence is for the jury and not for the court to determine.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*James E. Kelby, Halleck F. Rose, Frank E. Bishop* and *Hazlett & Jack,* for appellant.

*Shepherd & Ripley, contra.*

ROOT, J.

In January, 1908, the defendant was constructing a well about 30 feet in diameter adjacent to its pumping station near the city of Lincoln, and the plaintiff was injured while in its employ in that service. The excavation was about 55 feet deep, and a steam pump installed at the bottom of the well was used to discharge, through a four-inch pipe, the inflowing water, so that the well might be dug deeper. This pipe rested against three 12 by 14 cross-timbers, one at the top of the well, another 14 feet below, and a third 14 feet further down. A piece of 2 by 6 plank was spiked to each beam close to and on either side of the pipe, and a similar piece of plank joined the other two pieces so as to enclose the pipe. The beams were securely fastened at each end to steel rails which extended across the well at right angles to the beams and

were anchored in a rock wall which had been built around the exterior of the well. The normal operation of the pump caused the pipe to vibrate, and whenever sand or particles of rock interrupted that operation the pipe would "buck" and churn so as to spring these beams as much as two inches, and the pipe itself would rise and fall as much as five inches. While the plaintiff was working at the bottom of the well, two of the planks became detached and fell upon his head, cutting his scalp and injuring him more or less seriously. The plaintiff prevailed, and the defendant appeals.

The defendant severely criticises the court's charge, and stoutly maintains that the instructions requested by it should have been given. The plaintiff defends the charge, and says that in any event, under the issues and the evidence, no verdict other than for the plaintiff should have been returned. The facts stated in the petition will sustain a judgment in the plaintiff's favor. The defendant by way of answer denies any negligence on its part, and alleges that the plaintiff's injuries were caused by his own negligence and the negligence of his fellow servants, and pleads assumption of risk.

At the time the plaintiff was injured, chapter 48, laws 1907 (Comp. St. 1907, ch. 21, sec. 3 *et seq.*) was in force, and by its terms a railway company operating railway cars in Nebraska is made liable to any of its employees injured by reason of the negligence of a fellow servant while the injured employee is engaged in construction or repair work. In *Swoboda v. Union P. R. Co.*, 87 Neb. 200, this act was held to be a valid law. The petition and the proof establish that the well in question was used in connection with the defendant's railway, and the defendant pleads that the plaintiff was employed in its water supply service at the time of the injury. The plaintiff was within the protection of this statute, and the answer therefore admitted a qualified liability. There is no proof, as we understand the record, that the plaintiff assumed the risk of injury resulting from his fellow servant's carelessness,

and there is no proof that the injury resulted from his own carelessness. It may be questioned whether under the issues and the evidence the question of assumption of risk should have been submitted to the jury, but it was, and by their verdict they say the risk was not assumed. The vital issues were the extent of the plaintiff's injury and the amount he should recover therefor.

The defendant's counsel urge that the recovery is excessive. If the plaintiff testified truthfully, the verdict is not excessive, and that fact was one for the jury and not this court to determine.

Complaint is made that there is no basis for an assumption in a hypothetical question that the plaintiff's skull was fractured. The plaintiff's wound was dressed by Dr. Everett, the defendant's surgeon. The plaintiff was permitted, without objection, to testify that Dr. Everett said at the time with reference to the outer wall of the plaintiff's skull, "It is just broken through," and "It is chewed up pretty bad." Two physicians testified for the plaintiff. In part their conclusions were drawn from a personal examination of the plaintiff and in part from a hypothetical state of facts, which included an assumption that the plaintiff's skull had been fractured. Dr. Everett denied having made the statement testified to by the plaintiff, but it was for the jury to find whether he said so or not. The defendant argues that, although Everett did make the statements, it is not bound thereby. Hearsay testimony admitted without objection may sustain a finding based solely thereon. *Sheibley v. Nelson,* 84 Neb. 393. Dr. Finney also testified that there is a depression or indentation beneath the scar upon the plaintiff's head, and testifies, in effect, that this condition may have been caused by an injury to the skull. There was therefore no error in permitting the physicians to answer the hypothetical question.

While we do not approve the court's charge in every particular, we are of opinion that upon the entire record it is not prejudicially erroneous. There is sufficient evi-

dence to sustain the verdict, and the judgment of the district court therefore is

AFFIRMED.

BARNES and LETTON, JJ., concur in the result.

FAWCETT, J., not sitting.