JOSIE COVELL, Respondent, v. THE WESTERN
UNION TELEGRAPH COMPANY, Appellant.

Springfield Court of Appeals, May 6, 1912.    Motion for Rehearing Denied June 3, 1912.

1. TELEGRAPH COMPANIES: Action for Penalty: Notice: Sufficiency of Notice of Claim.    In an action against a telegraph company to recover the statutory penalty for failure to transmit and deliver a message, the answer set up a failure on the part of the plaintiff to present her claim to the defendant within sixty days, in accordance with the stipulation printed on the back of the blank on which the telegram was written. The evidence is examined and *held* sufficient to show that plaintiff gave the notice as required by the stipulation.

2. NOTICE: Burden of Proof.    The defense of a failure to give notice is an affirmative one and the burden is therefore ordinarily on the defendant.

3. ESTOPPEL: Pleading: Notice: Telegraph Companies.    Where the telegraph blanks used for sending messages contained the name of C, as president and general manager of defendant, and the local agent of defendant informed plaintiff's attorney that C was the proper person to write to with reference to a claim for failure to deliver a message, *held*, that plaintiff was authorized to mail her notice to C relative to such claim and in compliance with the stipulation printed on the back of said message blank, and in such case where defendant shows that C was not its general manager at the time, it is not necessary for plaintiff to plead estoppel.

4. EVIDENCE: Practice: Admitting Incompetent Evidence: Objections.    Although the evidence admitted is hearsay and incompetent, yet where it is admitted without objection, its weight is for the jury.

5. NOTICE: Mailing Addressed Letter: Presumption.    The fact that a letter was sent duly addressed and stamped, is evidence that it was received by the addressee.

6. ——: ——: Street Address: Presumption: Telegraph Companies.    Although ordinarily where a letter is sent to a person in a large city in order to raise the presumption that the letter was received, by showing that it was sent duly addressed and stamped, it should also be shown that the address contained the street and number where the addressee resided, yet where the location of the person or firm addressed

is well known in the city, as would be the Western Union Telegraph Company, it is not essential to prove that the letter contained the street and number of the addressee.

7. **APPEAL AND ERROR: Evidence: Admitting Incompetent Evidence: Objections.** Where appellant contends that certain evidence should not have been admitted by the trial court, it will be confined to objections made at the time of the introduction of such evidence and will not be permitted in the appellate court to offer additional objections.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Geo. H. Fearons* and *A. W. Curry* for appellant.

(1) Defendant's peremptory instruction at the close of the plaintiff's evidence should have been given, because no presumption arose that defendant received any notice of claim within sixty days. Best v. Ins. Co., 68 Mo. App. 598; Ins. Co. v. Hargrove, 116 S. W. 256; Trezevant & Cochran v. Powell & Co., 130 S. W. 234; Drill Co. v. Lindquist, 114 N. W. 1098; Railroad v. Bank, 174 Fed. 923; Postal Laws and Regulations, chap. 6, sec. 636. (2) The question of estoppel did not arise either in the pleadings or in the evidence and was not before the court. Werner v. O'Brine, 40 Mo. App. 483; Railroad v. Curtis, 154 Mo. 10.

*I. W. Mayfield & Son* for respondent.

(1) Defendant's answer filed in this case makes the question of plaintiff's compliance with the stipulation of notice on the back of defendant's message blank an issue of fact. The trial court found as a matter of fact such notice had been served and this being an action at law, its findings will not be disturbed, unless an abuse of discretion. State ex rel. v. Fidelity Co., 236 Mo. 375. (2) What was due diligence to be exercised by defendant's agent, after receiving

the message was a question of fact for the court, as any other fact. Jones on Telegraph & Telephone Companies, sec. 511; Telegraph Co. v. Cooper, 71 Texas 507, 9 S. W. 598; Coit v. Western Union, 130 Cal. 657, 53 L. R. A. 678. (3) Proof of defendant's delay in not delivering the message promptly after receiving same, made a prima facie case for the plaintiff, and the defense set up by defendant of failure to notify within sixty days was an affirmative defense and should have been proven by defendant; plaintiff did not have to prove compliance with such stipulation in order to recover. Kendall v. Western Union, 56 Mo. App. 196; Smith v. Western Union, 57 Mo. App. 259. (4) The trial court properly declared the law. Best v. Ins. Co., 68 Mo. App. 598; Cromwell v. Ins. Co., 47 Mo. App. 112.

GRAY, J.—Plaintiff instituted this action to collect the penalty prescribed by section 3330, Revised Statutes 1909. The message was sent from Webb City, December 30, 1910, addressed to W. C. Simpson, Stoutland, this state, and plaintiff made a prima facie showing of negligence on the part of the appellant in handling the same.

The answer alleged that the telegram was written on a blank containing the following stipulation: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." It was further alleged that plaintiff failed to present her claim as she was bound to do under said stipulation. The case was tried before the court without a jury, resulting in a judgment in favor of the plaintiff, and defendant appealed.

The real question on this appeal is whether plaintiff failed to give the notice required by the stipulation. The defense of failure to give notice is an

affirmative one, and the burden therefore is ordinarily on the defendant. [Kendall v. Telegraph Co., 56 Mo. App. 192.] But it appears that plaintiff assumed this burden and offered the proof relating thereto, and the question now is, was the evidence sufficient to carry the issue to the jury?

Plaintiff's evidence tends to prove that she employed the law firm of Mayfield & Son, of Lebanon, Mo., to collect the penalty. It appears from the testimony of I. W. Mayfield that he inquired of the appellant's general agent at Lebanon as to the proper person and place to address a letter giving the notice of the claim, and was told to write to R. C. Clowry, General Manager of Western Union Telegraph Company, New York; that on January 7, 1911, his firm did write a letter giving notice of the claim. The witness produced a copy of the letter, and testified that he mailed the original, properly stamped and addressed, as instructed; that he received no answer, and on February 28, 1911, he wrote another letter, mailed it, properly stamped and addressed, exactly as the former one; that he received through the United States mail the following reply thereto:

"Law Department,
The Western Union Telegraph Company,
195 Broadway.
George H. Fearons,
General Attorney.

New York, March 7, 1911.
Messrs. I. W. Mayfield & Son, Attorneys,
Lebanon, Mo.
Dear Sirs:

Your letter of the 28th ult., addressed to Mr. Robert C. Clowry, former president of this company, with reference to alleged negligence in the delivery of a message sent by Jessie Covell from Webb City, Mo.,

to W. C. Simpson, Stoutland, Mo., has been forwarded to me.

I am advised by Mr. B. Brooks, general manager, that he has no record of your previous letter of January 9th with reference to this matter, and we are, therefore unable to pass upon the question of the company's liability for your client's demand. I am to-day, however, referring the claim to our local superintendent for investigation, with instructions to have the service on the message in question looked into carefully, and a full report furnished at the earliest possible moment. As soon as I hear from him I shall take pleasure in writing you further with regard to the company's liability, if any, in the premises.

Yours very truly,

GEO. H. FEARON,

General Attorney.''

It appears that the blank on which plaintiff wrote her message, and also the one on which it was delivered, stated that Mr. R. C. Clowry was president and general manager of appellant, but defendant offered testimony tending to prove that Mr. Clowry resigned both positions on the 23rd day of November, 1910.

We have no hesitancy in saying that under the circumstances if the plaintiff's letter of January 7, 1911, was delivered to Mr. Clowry, or at the office of the general manager of defendant company at New York, sufficient notice was given. The blank used in sending and delivering the message named Mr. Clowry as president and general manager, and according to plaintiff's testimony, the general agent of defendant at Lebanon informed her attorney that he was the proper person to write to in such cases. Under such circumstances, plaintiff was authorized to deal with Mr. Clowry regarding this stipulation in the absence of information on her part that he was no longer an

officer of the company. [Manhattan Life Ins. Co. v. Fields, 26 S. W. 280.]

In the case just cited, a policy holder had been paying his premiums at a bank in Texas, and without notice to him the company revoked the bank's agency, but the assured, without notice, tendered his premium at the bank, and in a short time died. Suit was instituted on the policy and the defense was a failure to comply with the terms of the policy regarding the payment of a premium within a specified time. The court held that the assured, in the absence of information to the contrary, had the right to deal with the bank as the agent of the insurance company.

It is true the plaintiff did not show the authority of the agent at Lebanon to make statements binding on the company, and even though it be admitted that his declaration was mere hearsay, it was admitted without objection, and therefore, its weight was for the jury. [Wilkinson v. Telegraph Co., 163 Mo. App. 73, decided by this court April 1, 1912; Metz v. Railroad, 129 N. W. 994; Hoover v. Empire Coal Co., 149 Ill. App. 258; Lindquist v. Dickson, 107 N. W. 958, 6 L. R. A. (N. S.) 729.]

The letter was addressed, R. C. Clowry, General Manager of the Western Union Telegraph Company, New York, and it is the appellant's contention that the address was insufficient, because it did not give the street or number where it was to be delivered.

The fact that a letter was mailed duly addressed and stamped, is evidence that it was received by the addressee. [McFarland v. Accident Assn., 124 Mo. 204, 27 S. W. 436.] The appellant admits this to be the general rule, but claims that where the addressee is in a large city his local address must be given. In 16 Cyc. 1067, it is said: "Receipt of a letter by the person for whom it was intended cannot be presumed unless it is proved that the latter was properly addressed to him, by directing it to the city or town

where he resides with the street and number if it is a city of considerable size." In support of the text the author cites Fleming & Co. v. Evans, 61 Pac. 503, and Manhattan Life Ins. Co. v. Fields, supra.

In Manhattan Life Ins. Co. v. Fields, the letter was addressed to Henry Fields, San Antonio, Texas, and no street or number given, and the court held the address was insufficient, and on account thereof there was no presumption that the letter was received by the addressee.' In discussing the case, however, the court remarked that the letter was not sent in care of any well-known bank, but simply to Mr. Fields, thereby intimating that if the letter had been sent in care of some well-known institution the address might have been sufficient.

In Fleming & Co. v. Evans, the letter was addressed to a business firm at Chicago, Illinois, and the court held that the address was insufficient. In passing on the case the court said that in a large city like Chicago there might be many persons and firms of the same name, and therefore, there was no presumption that the latter was not received by one of the firms for whom it was not intended.

The appellant has cited us to the rules of the postal department. These rules were not offered in evidence, but the same have been examined, and they recognize the distinction and provide for the delivery of letters where they are sent in care of some well-known business concern, even though the street or number is not given.

Suppose the letter in controversy had been directed to Bank of Commerce, or Mississippi Valley Trust Company, St. Louis, Mo., would the presumption be that it was not delivered because the street number was not given? The courts will take notice of the fact that in all probability the Western Union Telegraph Company has more offices than any other business concern in this country. Its lines enter into almost

every town and city, and undoubtedly its general office receives hundreds of letters and other communications daily, and therefore, the government employees distributing and delivering the mail are thoroughly acquainted with the location of its office, and the failure to designate the street or number, would in no wise prevent a prompt delivery of letters directed to the president and general manager of the company.

It stands admitted that the second letter, mailed too late to be received within the sixty day period, but directed exactly as the first one, was promptly delivered, and this gives support to the inference that the first one was also promptly delivered. It is true in the letter from the legal department, it is stated that the general manager reported no record of the receipt of the previous letter. But this was not sufficient to overcome the presumption of delivery. In 16 Cyc. 1071, it is said: "Testimony of the addressee that the letter was not received should be received with caution—with the greatest amount of caution —where non-receipt, if proved, would relieve him of burden; and his failure to recollect whether the letter was received or not, or his impression that it was not received, or the fact that the latter was not on file in his office, is usually deemed insufficient to overcome the presumption of receipt."

The appellant offered no testimony tending to prove that the letter was not delivered. The only testimony on the point is contained in the letter from appellant's attorney, in which he states that the general manager has informed him that he has no record of the previous letter. This suit was instituted on the twelfth day of May, 1911, and was not tried until the twelfth day of August, and defendant must have known that the burden of showing that it had received no notice was upon it, and while it offered testimony in its defense, it made no effort to show that the letter was not delivered.

The appellant requested the court to declare that the law required the written notice to be actually served on the defendant, its agents or employees. The court did so declare, but added if the blanks furnished plaintiff upon which to write the telegram, and also the one on which it was delivered, gave the name of Mr. Clowry as president of defendant company, then plaintiff was warranted in giving the notice to him, and if the notice was enclosed in an envelope, properly stamped and addressed to Robert Clowry, at the proper address, and mailed, the presumption is that he received it.

The declaration, as requested, was misleading, as the law does not require the notice to be actually served, but a receipt of it through the mail has always been held sufficient. The modification declaring that plaintiff had a right to deal with Mr. Clowry, as the president of the company was proper under the circumstances of the case. The defendant having furnished the plaintiff a blank by which notice was given that Mr. Clowry was its president, it should not be permitted to deny that he was such official, to the injury of plaintiff, who dealt with him relying on the correctness of the statement to that effect on the blank. And neither was it necessary, under such circumstances, for plaintiff to plead estoppel. [Powell v. Tinsley, 137 Mo. App. 551, 119 S. W. 47; Long v. Lackawanna Coal & Iron Co., 233 Mo. 713, 136 S. W. 673.]

Appellant's last assignment of error is that the court should not have admitted in evidence the letter of January 7th, because no proper foundation was laid for its admission. We suppose appellant means by this that the copy was not the best evidence, and no request had been made for the original. When the letter was offered, certain objections were made, but the one now made was not included. In this connection it may also be said that the objection made in this court that the local address of the company's of-

fice was not on the envelope, was not made when the letter was offered.

Our conclusion is that the judgment of the trial court should be affirmed, and it is so ordered. All concur.